

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0398-17

### JOSE OLIVA, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

KELLER, P.J., delivered the opinion of the Court in which HERVEY, ALCALA, NEWELL, KEEL, and WALKER, JJ., joined. RICHARDSON, J., filed a concurring opinion. KEASLER., J., filed a dissenting opinion in which YEARY, J., joined.

Under Penal Code § 49.09(b), the existence of two prior convictions for DWI (Driving While Intoxicated) elevates a third DWI offense from a Class B misdemeanor to a third degree felony.[1] We have held that the existence of these two prior convictions is a jurisdictional fact needed to establish

---

[1] TEX. PENAL CODE § 49.09(b)(2).

felony status to make the DWI offense triable in district court and is an element of that offense.[2]

Today we address the status of § 49.09(a), which provides that the existence of a single prior conviction elevates a second DWI offense from a Class B misdemeanor to a Class A misdemeanor. Is the existence of a single prior conviction an element of the offense or a punishment issue? The parties agree that the existence of a single prior conviction is an element of the offense. We disagree and hold that, unlike the existence of two prior convictions for felony DWI, which is an element of the offense of felony DWI, the existence of a single prior conviction for misdemeanor DWI is a punishment issue.

## I. BACKGROUND

Appellant was charged by information with DWI. The information contained two paragraphs: the first alleged the commission of the current DWI and the second alleged a prior DWI conviction. The focus of the guilt stage of trial was solely on the first paragraph. The prior-conviction allegation was not read to the jury at the guilt stage, no evidence of the prior conviction was offered at the guilt stage, and there was no mention of a prior conviction in the guilt-stage jury instructions. Appellant was found guilty.

At the punishment stage, the State read the prior-conviction allegation to the jury and introduced evidence of a prior DWI conviction. The jury found the prior-conviction allegation to be true and assessed punishment at 180 days' confinement. The judgment labeled Appellant's current conviction as a "DWI 2ND" and the degree of offense as a "Class A Misdemeanor."

The court of appeals held that the existence of a prior conviction is an element of the offense

---

[2] *See Ex parte Benson*, 459 S.W.3d 67, 75-76 (Tex. Crim. App. 2015).

of "Class A misdemeanor DWI."[3] The court reasoned that a fact that elevates the degree of an offense is necessarily an element of the offense and that § 49.09 lacked the "shall be punished" language present in other statutes containing punishment enhancements.[4] Because no evidence of a prior conviction was introduced at the guilt stage of trial, the court of appeals held that the evidence was legally insufficient to support the prior-conviction allegation.[5] Consequently, the court of appeals reversed and remanded the case to the trial court with instructions to reform the judgment to reflect a conviction for Class B misdemeanor DWI and to conduct a new punishment hearing.[6]

## II. ANALYSIS

### A. The Parties' Agreed Position

On discretionary review, the parties agree that the existence of a prior conviction is an element of the offense. We, of course, are not bound by any agreement or concessions by the parties on an issue of law.[7] The present case illustrates that an agreed outcome on a particular legal issue can sometimes be in both parties' self-interests. Here, Appellant wants the prior conviction to be decreed an element so that he can prevail on his sufficiency challenge. Such a decree, however, would seem to benefit the State in most cases because it would enable the State to introduce evidence

---

[3] *Oliva v. State*, 525 S.W.3d 286, 292-93 (Tex. App.—Houston [14th Dist.] 2017).

[4] *Id.*

[5] *Id.* at 293-94.

[6] *Id.* at 296-97.

[7] *Rhodes v. State*, 240 S.W.3d 882, 885 n.3 (Tex. Crim. App. 2007); *Long v. State*, 931 S.W.2d 285, 289 (Tex. Crim. App. 1996).

of the prior conviction at the guilt stage of trial instead of having to wait until the punishment stage.[8]

The State seeks review here, not because it disagrees with the result in the court of appeals, but because it wishes to resolve this issue on a statewide basis, given the existence of conflicting opinions in the lower courts.[9]

### B. The Statutes and Rules of Construction

Four statutory provisions appear to be directly relevant to the present case. The first is Penal Code § 49.04(a), which prescribes the base offense of DWI:

> A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place.[10]

The second provision is Penal Code § 49.04(b), which prescribes the punishment for the base offense:

> Except as provided by Subsections (c) and (d) and Section 49.09, an offense under this section is a Class B misdemeanor, with a minimum term of confinement of 72

---

[8] An amicus brief filed on behalf of a number of pro-defense organizations (the National College for DUI Defense, the DUI Defense Lawyer Association, the Dallas County Criminal Defense Lawyer Association, and the Denton County Criminal Defense Lawyer Association) maintains that the trial court's judgment should be affirmed. The brief claims, "Both Petitioner and Respondent err in the Conclusion that a prior DWI conviction is an element of the offense of DWI (Class A) where the existence of a prior DWI conviction affects only the punishment to be assessed and has no bearing on the jurisdiction of the court hearing the case."

[9] *Contrast Prihoda v. State*, 352 S.W.3d 796, 806 (Tex. App.—San Antonio 2011, pet. ref'd) (concluding that existence of prior conviction is a punishment enhancement); *Wood v. State*, 260 S.W.3d 146, 147, 149 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (same); *Blank v. State*, 172 S.W.3d 673, 676 (Tex. App.—San Antonio 2005, no pet.) (same) *with Oliva*, 525 S.W.3d at 292-93 (concluding that existence of prior conviction is an element of the offense); *Mapes v. State*, 187 S.W.3d 655, 658 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (same). *See also Curtis v. State*, 238 S.W.3d 376, 377 (Tex. Crim. App. 2007) (prosecutor read and presented evidence in support of prior-conviction allegation at punishment stage).

[10] TEX. PENAL CODE § 49.04(a).

hours.[11]

Third is Penal Code § 49.09(a), which sets out the effect of a prior conviction in raising the offense from a Class B misdemeanor to a Class A misdemeanor:

> Except as provided by Subsection (b), an offense under Section 49.04, 49.05, 49.06, or 49.065 is a Class A misdemeanor, with a minimum term of confinement of 30 days, if it is shown on the trial of the offense that the person has previously been convicted one time of an offense relating to the operation of a motor vehicle while intoxicated . . . .[12]

The last directly relevant provision is found in the Code of Criminal Procedure, in Article 36.01, regarding when prior-conviction allegations may be read at trial:

> When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07.[13]

In construing the meaning of, and interplay between, these statutes, we give effect to the plain meaning of the text, unless the text is ambiguous or the plain meaning leads to absurd results that the legislature could not have possibly intended.[14] Statutory language is ambiguous if it "may be understood by reasonably well-informed persons in two or more different senses."[15] If the statutory text is ambiguous or the plain meaning leads to absurd results, then we can consult extratextual factors, including (1) the object sought to be attained, (2) the circumstances under which the statute

---

[11] *Id.* § 49.04(b).

[12] *Id.* § 49.09(a).

[13] TEX. CODE CRIM. PROC. art. 36.01(a)(1).

[14] *Baumgart v. State*, 512 S.W.3d 335, 339 (Tex. Crim. App. 2017).

[15] *State v. Schunior*, 506 S.W.3d 29, 34-35 (Tex. Crim. App. 2016).

was enacted, (3) the legislative history, (4) common law or former statutory provisions, including laws on the same or similar subjects, (5) the consequences of a particular construction, (6) administrative construction of the statute, and (7) the title (caption), preamble, and emergency provision.[16] Although relevant as an extratextual factor, "[t]he heading of a title, subtitle, chapter, subchapter, or section does not limit or expand the meaning of a statute."[17] We also take into account any prior caselaw construing the statutes.[18]

### C. Ambiguity

We are faced with two potential constructions of the statutes before us: (1) the existence of the prior conviction is an element of the offense, or (2) the existence of the prior conviction is a punishment issue. The initial question is whether we can choose one of these constructions as the only one that is consistent with the language of the relevant statutes. Can we say that the statutory language unambiguously leads to the conclusion that the existence of a prior conviction is an element? Conversely, can we say that the statutory language unambiguously leads to the conclusion that the existence of a prior conviction is a punishment issue? We ultimately conclude that the answer to these two questions is "no"—the statutory scheme is ambiguous.

### 1. *Explicit Labeling*

The statute before us does not explicitly say whether the existence of a prior conviction should be litigated at the guilt stage or at punishment. On a few occasions, the legislature has explicitly provided that an issue that increases the penalty for a crime be tried at the punishment

---

[16] *Baumgart*, 512 S.W.3d at 339 (citing TEX. GOV'T CODE § 311.023).

[17] *Id.* (citing TEX. GOV'T CODE § 311.024).

[18] *Id.*

stage.[19] But such language does not appear to be the norm for statutes prescribing punishment issues in noncapital cases. That language is absent from Penal Code § 12.42, prescribing penalties for repeat offenders,[20] even though that statute would appear to be one of the most obvious examples of a codification of punishment issues. As we shall explain below, some statutes explicitly provide for punishment-stage litigation of facts that reduce the penalty attached to the offense.[21] But these are also situations in which the legislature has placed the burden of proof on the defense,[22] and the legislature may have felt the need to make it clear that the matters were punishment mitigation issues rather than affirmative defenses. There is even one instance in which the legislature has specified that a matter that increases the penalty will be litigated at the guilt stage of trial.[23] Since the legislature does not ordinarily specify whether a matter should be litigated at the guilt or punishment stage of trial, and did not do so in the present statute, we must look to other language to determine the legislature's intent.

### 2. *"A person commits an offense if . . . ."*

In *Wilson v. State*, this Court recognized the Penal Code's most obvious and common method

---

[19] *See* TEX. PENAL CODE §12.49 ("If the court makes an affirmative finding . . . in the punishment phase of the trial"); TEX. HEALTH & SAFETY CODE §§ 481.1122 ("If it is shown at the punishment phase of a trial"), 481.134(b) ("if it is shown at the punishment phase of the trial"), 481.140 ("If it is shown at the punishment phase of the trial").

[20] *See* TEX. PENAL CODE § 12.42.

[21] *See infra* at nn.48-51 and accompanying text.

[22] *See id.*

[23] *See* TEX. HEALTH & SAFETY CODE § 481.141(a) ("If at the guilt or innocence phase of the trial . . . the judge or jury . . . determines beyond a reasonable doubt that a person died or suffered serious bodily injury . . . the punishment for the offense is increased by one degree.")

of prescribing elements of an offense: prefacing incriminatory facts with the language, "A person commits an offense if . . . ."[24] We pointed out that the legislature has created both basic and aggravated offenses in this manner.[25] An example of an aggravated offense created in this manner is aggravated assault, which refers explicitly to the statutory crime of assault and to aggravating factors, with all of these prefaced by the phrase "a person commits an offense."[26] An example that involves a prior conviction would be the statute proscribing the possession of a firearm by a felon, which incorporates the prior felony conviction into the preface: "A person who has been convicted of a felony commits an offense if he possesses a firearm . . . ."[27]

The DWI statutes do not follow this pattern. The phrase "a person commits an offense" appears in § 49.04, prescribing the base offense, but that phrase does not preface or incorporate the

---

[24] 772 S.W.2d 118, 121-22 (Tex. Crim. App. 1989) ("The elements of each offense specified in the penal code are prefaced with the phrase 'a person commits an offense.'"; "This relatively simple statutory scheme is duplicated throughout the penal code and the Controlled Substances Act. That is, each time conduct is identified with the preliminary phrase 'A person commits an offense if . . . .,' the attendant prohibition is indeed a separate and distinct offense as opposed to a punishment enhancing measure."). *See also Ex parte Benson*, 459 S.W.3d 67, 85 (Tex. Crim. App. 2015) (discussing *Wilson*).

[25] *Wilson*, *supra* ( The legislature has "required the commission of the basic offense, added additional aggravating elements and then identified the conduct as a separate offense by simply stating 'a person commits an offense.'").

[26] *See* TEX. PENAL CODE § 22.02(a) ("A person commits an offense if the person commits assault as defined in § 22.01 and the person" causes serious bodily injury or uses or exhibits a deadly weapon). The *Wilson* court gave the example of aggravated kidnapping and contrasted it with kidnapping. 772 S.W.2d at 122. We refer to aggravated assault because the explicit reference to the assault statute makes it an even simpler example.

[27] *See* TEX. PENAL CODE § 46.04(a). *See also Fennell v. State*, 455 S.W.2d 248, 249 (Tex. Crim. App. 1970) (prior felony conviction "was an essential element of the offense charged in the indictment and not for an enhancement of an offense that would otherwise be a misdemeanor."); *Garcia v. State*, 169 Tex. Crim. 487, 488, 335 S.W.2d 381, 382 (1960) (quoting former TEX. PENAL CODE art. 489c, § 1: "It shall be unlawful for any person who has been convicted of . . . .").

"prior conviction" language contained in § 49.09. To connect the prior-conviction allegation to the "commits an offense" preface, the legislature could have drafted something like this: "A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place and has previously been convicted one time of an offense relating to the operating of a motor vehicle while intoxicated."[28]   But the DWI statutory scheme is not framed this way.

### 3. ". . . is a Class A misdemeanor"

The DWI scheme does provide that, if the prior conviction is shown, then the subsequent DWI offense "is a Class A misdemeanor."  In *Calton v. State*, we suggested that a statute could unambiguously prescribe an element of an offense by setting forth a fact that would increase the degree of the offense.[29]  We stated that a punishment enhancement "does not change the offense, or the degree of the offense of conviction.  There can be no enhancement until a person is first convicted of an offense of a certain degree."[30]  We cited no authority for the proposition that a punishment enhancement does not change the degree of the offense,[31] and we later suggested in *Ex*

---

[28]  *See* TEX. HEALTH & SAFETY CODE § 821.079(d) ("A person commits an offense if the person violates this subchapter and previously had been convicted of an offense under this subchapter."); TEX. PARKS & WILD. CODE §§ 67.005(b) ("A person who violates a regulation of the commission issued under this chapter and who has been convicted on one previous occasion of a violation of a commission regulation under this chapter commits an offense that is a Class B Parks and Wildlife Code misdemeanor."), 68.021(b) (similar language).  Or, to incorporate the prior-conviction element into the preface, similar to the statute proscribing possession of a firearm by a felon, the DWI statute could have read, "A person who has been previously convicted one time of an offense relating to the operating of a motor vehicle while intoxicated commits an offense if the person is intoxicated while operating a motor vehicle in a public place."

[29]  176 S.W.3d 231, 233-34 (Tex. Crim. App. 2005).

[30]  *Id.*

[31]  *See id.*

*parte Benson*, a DWI case, that a prior conviction that merely enhances the offense level would not be an element of the offense.[32] This suggestion was based in part on *Ex parte Reinke* drawing a distinction, with respect to the use of prior convictions, between enhancing the level of punishment, enhancing the level of the offense, and "jurisdictional elements" of the offense.[33]

We conclude that these seemingly competing statements are *dicta* to the extent they might be construed to apply to statutory language, such as the provision before us, that differs substantially from the statutory provisions being considered in those cases. The dissent claims that the language in *Calton* is not *dictum* because it was used to resolve the case. But language in an opinion can be *dictum* if it is broader than necessary to resolve the case.[34] This is so because a court might not have

---

[32] *Benson*, 459 S.W.3d at 74-75 ("A statutorily prescribed aggravating fact plays one of three roles in enhancing an offense: (1) creating a new aggravated offense in which the aggravating fact is an element, (2) enhancing the level of the offense, or (3) enhancing the punishment for the offense. If the two prior convictions that elevate DWI from a misdemeanor to a felony are elements of a resulting offense of felony DWI, then they are facts required to prove felony DWI that are not required to prove intoxication assault. But if the two prior convictions merely enhance the offense level or the punishment for DWI from that of a misdemeanor to that of a felony, then they are not facts required to prove the offense of DWI, and there really is no offense of 'felony DWI' but an offense of DWI that is enhanced to or punished as a felony.").

[33] *Id.* at 74 & n.34 (citing *Ex parte Reinke*, 370 S.W.3d 387, 389 & n.3 (Tex. Crim. App. 2012)).

[34] *See Cohens v. Virginia*, 19 U.S. 264, 399 (1821) ("It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision."); *United States v. Bd. of Cnty. Comm'rs of Otero*, 843 F.3d 1208, 1214 (10th Cir. 2016) (statement could be *dicta* if somewhat broader than necessary to resolve the dispute before the court) (quoting from *Cohens*); *Sunnyslope Grading, Inc. v. Miller, Bradford & Risberg, Inc.*, 148 Wis. 2d 910, 917, 437 N.W.2d 213, 216 (1989) (language of earlier opinion "was broader than necessary to determine the issue before the court and was therefore dicta").

carefully considered fact situations that vary substantially from the one before it.[35]   As will be discussed in subpart 4 below, the statutory provision before us contains certain language traditionally associated with punishment issues that was not present in the statute construed in *Calton*.  And, as we have explained above, the language in *Calton* conflicts with the language in other cases, further complicating any claim that *Calton*'s language constitutes controlling precedent.  As we shall see, the pronouncements in these other cases were directed at fact situations more closely related to the case at hand.

The dissent contends that we should nevertheless adhere to the language of *Calton* as an absolute statement of the law, regardless of the wording of a particular statutory provision (as long as the provision is not explicitly labeled a punishment issue). The dissent claims that our jurisprudence would be better served by the wholesale adoption of this language, despite the failure of *Calton* to cite any authority for it, because such adoption would simplify our analysis by creating an easy, bright-line rule.  To the extent this is a plea to adhere to precedent, *Calton* is not controlling precedent for reasons already discussed.  To the extent the dissent relies upon ease of use as a means of construing the statute, our primary duty in construing a statute is to "effectuate the collective intent or purpose of the legislators who enacted the legislation,"[36] and there is no necessary correlation between the ease with which a proposed rule can be applied and whether such a rule

---

[35] *Cohens*, 19 U.S. at 399-400 ("The reason of this maxim is obvious. The question actually before the Court is investigated with care, and considered in its full extent. Other principles which may serve to illustrate it, are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated.").

[36] *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

accurately reflects the legislature's intent.[37] We also observe that there is at least one strong countervailing policy consideration against uncritically applying *Calton*'s language to construe prior-conviction provisions as elements: the prevention of prejudice arising from informing a jury of extraneous offenses before a finding of guilt—a policy consideration that clearly underlies Article 36.01's prohibition against reading certain types of prior-conviction allegations at the guilt stage of trial.[38]

The dissent also contends that *Calton*'s language is consistent with the use of the phrase "degree of offense" in connection with the word "convicted" in the statute that prescribes the requisites of a criminal judgment, Article 42.01.[39] We do not find this significant. Subdivision 14 of the first section of Article 42.01 requires that a judgment state, "The date of the offense or offenses and degree of offense, for which the defendant was convicted."[40] The dissent contends that the word "convicted" in subdivision 14 signifies the guilt determination rather than encompassing both a finding of guilt and the assessment of punishment. The dissent says that we know this because other portions of Article 42.01 use "conviction and sentence" in contradistinction from one another. We disagree with the dissent's assessment in that regard: Our reading of Article 42.01 indicates that the word "conviction" includes both the finding of guilt and the sentence. Subdivision 8 of that

---

[37] *See In re Tax Appeal of Alsop Sand Co.*, 265 Kan. 510, 519, 962 P.2d 435, 442 (1998) ("Because ease of application does not necessarily pertain to legislative intent, it is not a determinative factor in the interpretation of the statute. It is, however, a welcome bonus where, as here, ease of application is in harmony with the interpretation supported by other factors.").

[38] *See infra* at part D.1.

[39] *See* TEX. CODE CRIM. PROC. art. 42.01 §1(14).

[40] *Id.*

statute provides that the judgment shall reflect, "In the event of a *conviction* that the defendant is *adjudged guilty* of the offense as found by the verdict of the jury or the finding of the court, *and* that the defendant be *punished* in accordance with the jury's verdict or the court's finding as to proper punishment."[41] Here, "conviction" includes both the finding of guilt and the assessment of punishment. Subdivision 9 provides, "In the event of conviction *where* death or any punishment is assessed . . ." and subdivision 10 provides, "In the event of conviction *where* imposition of sentence is suspended and the defendant is placed on community supervision . . ."[42] These subdivisions show the sentence or suspension of sentence to be a component of the conviction—it is a conviction *where* a particular sentence is imposed or suspended. We also note that subdivision 14 itself refers, not only to the "degree" of an offense, but also to the "date" of the offense,[43] but the date of an offense is not ordinarily a material element of the offense.[44]

If we take a step back to look at what an offense level does, it becomes apparent that a fact that increases the offense level (the degree of the offense) could logically be either an element or a punishment issue. The aggravating fact could, as in *Calton*, be one that makes a person guilty of a separate offense of a higher grade than the base offense without the aggravating fact. But there is nothing inherently illogical about having a punishment issue that increases the grade of the offense. The Penal Code's classification of offense levels—ranging from Class C Misdemeanor to Capital Felony—has the effect of largely standardizing punishment ranges. Instead of having to craft a

---

[41] *Id.* §1(8) (emphasis added).

[42] *Id.* §1(9), (10).

[43] *Id.* §1(14).

[44] *Garcia v. State*, 981 S.W.2d 683, 686 (Tex. Crim. App. 1998).

specific punishment range for every offense, the legislature can assign an offense level listed in the Penal Code, with its preset punishment range.

There is a practical difference between an enhancing provision saying that an offense "is" a certain degree and one saying that an offense is "punished as" a certain degree—the former creates an offense level that can serve as the base offense level for further enhancement under general enhancement statutes such as Penal Code § 12.42, while the latter does not.[45] If, for example, an offense "is" a second degree felony, then (with an appropriate prior conviction) it may be subject to being punished as a first degree felony under § 12.42(b),[46] while that is not the case if the offense is a third degree felony that is merely being "punished as" a second degree felony.[47]

But this distinction does not mean that the grade of an offense could never be determined by a punishment issue. In fact, the legislature has explicitly created punishment issues that *lower* the grade of the offense if proven by the defendant: sudden passion in a murder prosecution,[48] release in a safe place in an aggravated kidnapping prosecution,[49] and imperfect renunciation of the crime

---

[45] *See Ford v. State*, 334 S.W.3d 230 (Tex. Crim. App. 2011). *See also White v. State*, 509 S.W.3d 307, 309 n.2 (Tex. Crim. App. 2017).

[46] *See* TEX. PENAL CODE § 12.42(b) ("[I]f it is shown on the trial of a felony of the second degree that the defendant has previously been finally convicted of a felony . . . on conviction the defendant shall be punished for a felony of the first degree.")

[47] *See Ford*, 334 S.W.3d at 231, 235.

[48] *See* TEX. PENAL CODE § 19.02(d) ("At the punishment stage of a trial, the defendant may raise the issue . . . . If the defendant proves the issue in the affirmative by a preponderance of the evidence, the offense is a felony of the second degree.").

[49] *See id.* § 20.04(d) (same punishment issue language for "safe place" issue).

in prosecutions for organized criminal activity and organized election fraud activity.[50] Also, the trespass statute provides that an increase in the degree of offense upon proof of certain facts is negated if certain other facts are shown by the defendant at the punishment stage of trial.[51] And even before the aggravated kidnapping statute explicitly labeled the "safe place" issue as one that would be litigated at punishment—and before it placed the burden of persuasion on the defendant—this Court construed it to be a punishment issue, despite the fact that it lowered the degree of the offense, rather than merely reducing the degree at which the offender was punished.[52]

### 4. *"if it is shown on the trial of . . . ."*

Another reason it cannot be said that the DWI scheme unambiguously makes the existence of a single prior conviction an element of the offense is that the prior-conviction language in § 49.09 is prefaced by a phrase that is strongly associated with punishment enhancements: "if it is shown on the trial of."[53] In *Wilson*, we stated that this prefatory phrase was consistently restricted in the Penal Code "to matters dealing only with punishment."[54] Section 12.42 is probably the most commonly

---

[50] *See id.* § 71.02(d) (lowers the offense category one level); TEX. ELEC. CODE § 276.011(c) (same).

[51] TEX. PENAL CODE § 30.05(h).

[52] *Williams v. State*, 851 S.W.2d 282, 286 (Tex. Crim. App. 1993); *Butler v. State*, 645 S.W.2d 820, 822-23 (Tex. Crim. App. 1983). *See* TEX. PENAL CODE § 20.04(b) (West 1992) ("An offense under this section is a felony of the first degree unless the actor voluntarily releases the victim alive and in a safe place, in which event it is a felony of the second degree."). *Contrast* TEX. PENAL CODE § 12.44(a) (authorizing the court to "punish a defendant who is convicted of a state jail felony by imposing the confinement permissible as punishment for a Class A misdemeanor" under certain circumstances).

[53] *See Wilson*, 772 S.W.2d at 122-23. *See also Benson*, 459 S.W.3d at 85-86 (discussing *Wilson*).

[54] 772 S.W.2d at 123.

used punishment enhancement statute, and the phrase appears in it six times.[55] This phrase was absent from the evading-arrest statute at issue in *Calton*, where the existence of a prior conviction was held to be an element of the offense.[56] And when we now look at the words "if it is shown on the trial of," that phrase does seem inherently to indicate something that is in addition to an element of the offense. The absence of the phrase from the statute in *Calton* is by no means an outlier: a number of statutes that use the existence of prior convictions as a basis for distinguishing between degrees of offenses do not include the phrase or anything similar to it.[57] The fact that this phrase is absent from a number of statutes suggests that its presence in a particular statute is intended signify something.

On the other hand, it is not always true that this phrase ("if it is shown on the trial of") causes a statute to prescribe a punishment issue. The felony DWI provision, found in § 49.09(b), states that a DWI offense "is a felony of the third degree if it is shown on the trial of the offense that the person has previously been convicted" of two prior DWI offenses.[58] Despite the inclusion of the phrase "if it is shown on the trial of," we have held the provision to prescribe an element of the offense of

---

[55] *See* TEX. PENAL CODE § 12.42(a), (b), (c)(1), (3), (4), (d).

[56] *See Calton*, 176 S.W.3d at 234 (quoting and analyzing TEX. PENAL CODE § 38.04).

[57] *See* TEX. PENAL CODE §§ 25.09(c), 32.42(c)(2), 33.02(b)(1), 33A.02(b)(2)(B), (3)(B), 33A.04(b)(2)(B), (3)(B), 33A.05(b), 38.04(b), 42.062(c), 42.07(c)(1), 42.072(b), 42.09(c), 42.092(c), (c-1), (c-2), 43.02(c), 43.03(b)(1), 71.022(c); TEX. AGRIC. CODE §§ 13.464(b), 76.202; TEX. BUS. & COM. CODE §§ 504.002(c), 641.053(c); TEX. HEALTH & SAFETY CODE §§ 481.119(a); 821.079(d); TEX. NAT. RES. CODE §§ 88.0531(b), 113.232(b), 201.014, 201.041(b), 201.042(b); TEX. OCC. CODE §§ 1702.388(b), 1951.603(c); TEX. PARKS & WILD. CODE § 67.005(b), 68.021(b); TEX. TRANSP. CODE §§ 502.4755(e)(2), 504.946(e)(2), 545.066(c)(3), 643.253(e); TEX. UTILITIES CODE § 186.032(b).

[58] TEX. PENAL CODE § 49.09(b)(2).

felony DWI.[59] We observe that the phrase "if it is shown on the trial of" is used in numerous provisions that raise the degree of the offense, some based on prior convictions[60] and others based on aggravating facts associated with the circumstances of the offense.[61]

### 5. *Jurisdictional Nature of Enhancement: Misdemeanor versus Felony*

Significantly, the statutory provision currently before us that prescribes the offense classification when there is *one* prior DWI conviction, § 49.09(a), uses language that is substantively identical to language in the felony DWI statute.[62] But there is a statutory basis for distinguishing between the two provisions: the decree in Article 36.01 that, "[w]hen prior convictions are alleged for purposes of enhancement only and *are not jurisdictional*" then the reading of the allegations involving those convictions must be delayed until the punishment stage of trial.[63] The two-prior-conviction provision found in § 49.09(b) is jurisdictional, because the prior convictions are necessary

---

[59] *Benson*, 459 S.W.3d at 75-76.

[60] *See* TEX. PENAL CODE §§ 21.18(e), 25.07(g)(1), 30.04(d)(1), (2)(A), 31.12(d)(1), 32.48(f), 37.101(b), 37.13(b), 38.12(h), 38.123(d), 43.26(d), (g), 43.261(c)(1)(B), (2), (d), 43.262(c); TEX. ALC. BEV. CODE § 101.31(c); TEX. AGRIC. CODE §§ 161.041(e), 161.141(a), 167.133(b), (c); TEX. ELEC. CODE §§ 86.0052(c), 86.0105(c); TEX. FAM. CODE § 261.107(a); TEX. GOV'T CODE §§ 406.017(e), 466.308(c)(3); TEX. HEALTH & SAFETY CODE §§ 365.016(b), 431.059(a), 481.136(b), 481.138(b); TEX. HUM. RES. CODE § 42.0447(b); TEX. LOCAL GOV'T CODE §352.022; TEX. OCC. CODE §§ 102.001(c)(1), 102.006(c)(1), 201.605(c), 266.303(c), (d), 301.554(b), 1956.003(f); TEX. PARKS & WILD. CODE §§ 66.012(c)-(f), 76.118(e), (e-1); TEX. TRANSP. CODE §§ 521.457(f)(1), 545.420(e)(1), (f), 547.614(c); TEX. WATER CODE § 7.184(b).

[61] *See* TEX. PENAL CODE §§ 25.04(b), 25.07(g)(2), 28.02(d), (e), 31.12(d)(2), 32.31(d), 32.46(c-1), 37.10(c)(2), (d), 43.261(c)(1)(A), 46.14(b); TEX. FAM. CODE § 261.109(b), (c); TEX. GOV'T CODE §§ 466.306(b), 466.307(b), 466.308(c)(1), (2), 466.310(b); TEX. HEALTH & SAFETY CODE § 481.134(d), (e), (f); TEX. HUM. RES. CODE § 48.052(a); TEX. OCC. CODE §§ 102.001(c)(2), 102.006(c)(2); TEX. TRANSP. CODE §§ 521.457(f)(2), (f-2), 545.420(e)(2), (g), (h), 547.614(d), (e).

[62] *Compare* TEX. PENAL CODE § 49.09(a) *with* (b)(2).

[63] TEX. CODE CRIM. PROC. art. 36.01(a)(1) (emphasis added).

to establish a felony to give the district court jurisdiction, but the one-prior-conviction provision found in §49.09(a) is not, because the offense remains a misdemeanor, albeit a more serious one.[64]

We may not be able to say that Article 36.01 unambiguously directs how we should construe § 49.09(a), but the "jurisdictional" language suggests that, with respect to whether an element or a punishment issue is prescribed, § 49.09(a) and § 49.09(b) could reasonably be construed differently.

### D. Article 36.01 and Other Factors

#### 1. *Status as a Prior-Conviction Provision*

One observation that can be made about Article 36.01 is that its requirement that certain allegations be read only at the punishment stage of trial applies *only* to prior convictions.[65] When faced with a claim that Article 36.01 was violated by the reading of an "open-container" enhancement at the guilt stage of trial, the San Antonio Court of Appeals remarked that Article 36.01 did not apply because "the open container allegation is not a prior conviction."[66] Before the enactment of Article 36.01, this Court upheld the practice of allowing prior convictions alleged in

---

[64] *See Benson*, 459 S.W.3d at 76 ("the two prior convictions are jurisdictional elements"), 83 (historically, two prior convictions created a felony which "vested the District Court with jurisdiction"), 87-88 (referring to "jurisdictional" exception in Art. 36.01); *Gibson v. State*, 985 S.W.2d 693, 695-96 (Tex. Crim. App. 1999) ("Class A and B misdemeanor driving while intoxicated offenses are tried in the county courts . . . . Felony driving while intoxicated offenses are tried in either the district courts or the criminal district courts."); Tex. Code Crim. Proc. arts. 4.05 ("District courts and criminal district courts shall have original jurisdiction in criminal cases of the grade of felony. . . ."), 4.07 ("The county courts shall have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court, and when the fine to be imposed shall exceed five hundred dollars.").

[65] *See* Tex. Code Crim. Proc. art. 36.01(a)(1).

[66] *Surredin v. State*, 165 S.W.3d 751, 753 (Tex. App.—San Antonio, no pet.) (remarking that Article 36.01 was not violated by failure to read open container allegation because it was "not a prior conviction").

the charging instrument to be read to the jury before it decided the issue of guilt.[67] The legislature's

obvious purpose in changing that practice was the "prevention of the extreme prejudice which would

inevitably result" in announcing the prior convictions before guilt had been decided.[68]

In calling for prior convictions to be read at punishment, the statute reflects the recognition

that prior-conviction allegations are traditionally and uniquely associated with punishment. The

United States Supreme Court has pointed to "a longstanding tradition of treating recidivism as 'going

to the punishment only,'"[69] and "the fact of a prior conviction" is explicitly excluded from the

constitutional right to a jury trial in *Apprendi v. New Jersey*.[70] And while Texas is one of a few states

that accord a statutory right to a jury trial at the punishment stage, in noncapital cases that right can

be forfeited if it is not asserted,[71] even though the constitutional right to a jury trial at the guilt stage

can be relinquished only if it is affirmatively waived.[72] This difference in preservation categories

between the constitutional and statutory rights to a jury trial might complicate trying at the

punishment stage an issue to which the constitutional right to a jury trial attaches. One court of

---

[67]    *Reno v. State*, 403 S.W.2d 799, 800-01 (Tex. Crim. App. 1966) (not unconstitutional to inform jury of prior convictions before guilty verdict); *Redding v. State*, 159 Tex. Crim. 535, 540-41, 265 S.W.2d 811, 815 (1954) (on motion for reh'g).

[68]    *Frausto v. State*, 642 S.W.2d 506, 508 (Tex. Crim. App. 1982).

[69]    *Almendarez-Torres v. United States*, 523 U.S. 224, 244 (1998).

[70]    530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

[71]    *See* TEX. CODE CRIM. PROC. art. 37.07, §2(b).

[72]    *Hobbs v. State*, 298 S.W.3d 193, 202 & n.38 (Tex. Crim. App. 2009) (citing *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993)).

appeals has cited the constitutional right to a jury trial as a consideration in deciding that a drug free zone enhancement was an element of the offense to be litigated at the guilt stage of trial.[73] But since the constitutional right to a jury trial does not attach to the fact of prior conviction, no such complication arises from construing a prior-conviction enhancement as a punishment issue.

From this discussion, we conclude that the status of a statutory aggravating fact as a prior conviction is itself a factor in favor of construing the statutory aggravating fact as a punishment issue. If, on the other hand, the statutory aggravating fact would be part of the circumstances of the offense on trial, that would be a factor in favor of construing the statutory aggravating fact as an element of the offense. This prior-conviction/circumstances-of-the-offense factor is by no means conclusive and can be outweighed by other considerations. In *Wilson*, for example, the "serious bodily injury" provision involved a circumstances-of-the-offense fact, but it was still a punishment issue for other reasons, which will be explored below.[74] And in *Calton*, the prior-conviction provision prescribed an element of the offense due to other considerations that we will discuss.[75] At this point, we simply conclude that § 49.09(a)'s status as a prior-conviction provision is a factor weighing in favor of it being a punishment issue.

### 2. *Various Textual Factors*

In *Wilson*, the serious bodily injury enhancement statute for DWI provided:

> If it is shown on the trial of a person punished for an offense under Subsection (c),
> (d), or (e) of this article that the person committed the offense and as a direct result
> of the offense another person suffered serious bodily injury, the minimum term of

---

[73] *See Harris v. State*, 125 S.W.3d 45, 52-53 (Tex. App.—Austin 2003, pet. ref'd).

[74] *See Wilson*, 772 S.W.2d at 121-23.

[75] *See Calton*, 176 S.W.3d at 233-36.

confinement for the offense is increased by 60 days and the minimum and maximum fines for the offense are increased by $ 500.[76]

We found that two aspects of the statutory language supported a conclusion that a punishment issue was prescribed. First, the statute used the phrase "if it is shown on the trial of," which we found, for reasons discussed earlier,[77] to "compel the conclusion" that the serious-bodily-injury issue was a punishment issue.[78] Second, the statute used the phrase "of a person *punished for an offense under Subsection (c), (d), or (e)*."[79] With respect to this second phrase, we explained that the language "clearly denotes that before" the serious bodily injury enhancement "is to be invoked an individual must be convicted of DWI."[80]

In *State v. Engelking*, we relied upon *Wilson* to conclude that an enhancement based on the amount of controlled substance being 400 grams or more was a punishment issue.[81] The phrase "if it is shown on the trial of" was absent from the enhancement provision, but the enhancement provision was in a separate subsection from the main part of the statute prescribing the offense, was prefaced by the language "punishable by," and referred to a specific punishment range.[82]

---

[76] 772 S.W.2d at 121 (quoting former TEX. REV. CIV. STAT. art. 6701*l*-1(a)).

[77] *See supra* at nn.53-54 and accompanying text.

[78] *Wilson*, 772 S.W.2d at 122-23. *See also Benson*, 459 S.W.3d at 86.

[79] *Wilson*, 772 S.W.2d at 123 (emphasis in *Wilson*).

[80] *Id. See also Benson*, 459 S.W.3d at 86.

[81] *See* 817 S.W.2d 64, 65-66 (Tex. Crim. App. 1991).

[82] *See id.* at 66 (quoting from former TEX. REV. CIV. STAT. 4476-15: "An offense under Subsection (c) of this section is . . . (2) punishable by confinement in the Texas Department of Corrections for life or for a term of not more than 99 years or less than 10 years and a fine not to exceed $ 100,000, if the amount of the controlled substance possessed is, by aggregate weight, including any adulterants or dilutants, 400 grams or more.").

In *Calton*, we addressed a prior-conviction provision in the evading-arrest statute.[83] The evading-arrest statute provided in relevant part:

> (a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to lawfully arrest or detain him.
>
> (b) An offense under this section is a Class B misdemeanor, except that the offense is:
>
> (1) a state jail felony if the actor uses a vehicle while the actor is in flight and the actor has not been previously convicted under this section;
>
> (2) a felony of the third degree if:
>
> (A) the actor uses a vehicle while the actor is in flight and the actor has been previously convicted under this section; . . .[84]

Absent from this statute was any phrase similar to "if it is shown on the trial of" or the words "punished" or "punishable." The statute provided that an offense "is" a state jail felony if the actor uses a vehicle and does not have a prior conviction and "is" a third degree felony if the actor uses a vehicle and does have a prior conviction. We held that the existence of a prior conviction—necessary to make the offense a third degree felony—was an element of the offense.[85]

The felony repeat offender statute, Penal Code § 12.42, provides a useful comparison to the statutes in *Wilson*, *Engelking*, and *Calton*. By way of illustration, we quote § 12.42(a):

> Except as provided by Subsection (c)(2), if it is shown on the trial of a felony of the third degree that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), on conviction the

---

[83] 176 S.W.3d at 233-36.

[84] *Id.* at 234 (quoting from TEX. PENAL CODE § 38.04).

[85] *Id.* at 234-36.

defendant shall be punished for a felony of the second degree.[86]

In light of our prior discussion, we can see four factors that weigh in favor of § 12.42 being a punishment issue: (1) it is a prior-conviction provision, (2) it uses the prefacing phrase "if it is shown on the trial of," (3) it uses the phrase "punished for" to describe the effect of the provision, and (4) it is separated from provisions that more obviously prescribe elements of an offense.[87] With respect to the last factor, the separation is as dramatic as possible: § 12.42's provisions are not even in the same chapter, sometimes not even in the same code, as the offenses to which the provisions may apply.

In each statute at issue in *Wilson*, *Engelking*, and *Calton*, the separation of the enhancing provision from the provision that prescribes the offense was far less dramatic. In each instance, the enhancing provision was contained in the same section, albeit in a separate subsection, from the "a person commits an offense" language that more obviously prescribed the offense. The serious-bodily-injury provision in *Wilson*, however, had two of the other factors noted above that suggested it was a punishment issue: the phrases "if it is shown on the trial of" and "punished for." The statutory provision in *Engelking* had one of those factors: the "punishable by" language followed by a specific punishment range. The statutory provision in *Calton* had neither of the factors present in *Wilson* but was, in part, a prior-conviction provision.[88]

---

[86] TEX. PENAL CODE § 12.42(a). *See id.* § 12.42, *passim* (similar language).

[87] *See* TEX. PENAL CODE § 12.42. *See e.g. id.* § 12.42(a).

[88] The "prior conviction" wording of the statute in *Calton* was intermixed with wording that prescribed a circumstances-of-the-offense fact—use of a vehicle. *See supra* at n.84 and accompanying text. But the *Calton* court attributed no significance to this intermixing. *See* 176 S.W.3d at 234-36.

Under our cases, then, the words "punished for," "punishable by," or similar language ordinarily mark an enhancing provision as a punishment issue. The status of an enhancing provision as a prior-conviction provision, on the other hand, is some indication of a punishment issue but is not conclusive. But the inference that a prior-conviction provision is a punishment issue becomes much stronger when it includes "if it is shown on the trial of" language, and that inference is further strengthened if it is also true that the provision is contained in an entirely separate section from the section that more obviously prescribes the elements of the offense.

The DWI provision in the present case, § 49.09(a), does not contain "punished for" or similar language, but it is a prior-conviction provision. What primarily distinguishes this provision from the provision in *Calton* is that the DWI provision uses the prefacing phrase "if it is shown on the trial of," which weighs strongly in favor of it prescribing a punishment issue. In addition, the DWI enhancing provision is in a separate statutory section, albeit within the same chapter, as the provision that more obviously prescribes the elements of the offense of DWI (§ 49.04)—which further strengthens the inference that a punishment issue is being prescribed.

These factors are the same with respect to § 49.04(b), the felony DWI provision, which we have construed to prescribe an element, but that leads us to another consideration—the jurisdictional nature of the provision. As we set out earlier, Article 36.01 requires at least some types of prior-conviction allegations to be read at the punishment stage of trial but exempts from this requirement prior convictions that are "jurisdictional."[89]

*Calton* contains some language that could suggest that the jurisdictional nature of a prior conviction is simply irrelevant: "[T]he relevant question is whether the prior conviction is an element

---

[89] *See supra* at n.13 and accompanying text.

of the offense, not whether it is jurisdictional. . . . [W]hether something is an element of an offense is a completely separate inquiry from whether it is jurisdictionally required."[90] But *Calton* was addressing a claim by the State that there were only two types of prior convictions—those that are jurisdictional and those that are used for enhancement.[91] We correctly rejected that proposed dichotomy because an aggravating fact that changes the punishment range—such as value in a theft prosecution—could be an element even if it is not jurisdictional.[92] We also concluded that the State's construction would render part of Article 36.01 meaningless.[93] This was because Article 36.01 contained two prerequisites for reading prior-conviction allegations at the punishment stage—if the prior convictions are "for purposes of enhancement only" *and* "are not jurisdictional"—but the State's construction would replace the "and" with an "or" so that only one of those prerequisites needed to be met.[94]

If we are to avoid rendering part of Article 36.01 meaningless, we must also give meaning to the phrase "are not jurisdictional." We have rejected the notion that there is a special category of "jurisdictional" elements that are not elements for all purposes.[95] For the phrase "are not jurisdictional" to have meaning, then, something that would otherwise be a punishment issue must

---

[90] 176 S.W.3d at 234.

[91] *Id.*

[92] *Id.* at 235.

[93] *Id.* at 236.

[94] *Id.*

[95] *Benson*, 459 S.W.3d at 76-77 & n.54 ("Similarly, these practical consequences weigh against the dissent's suggestion that we treat 'jurisdictional' elements as being different from other elements for double-jeopardy purposes.").

become an element because it is jurisdictional. In fact, our prior-conviction jurisprudence in both DWI and theft cases has emphasized the jurisdictional nature of certain prior-conviction provisions in concluding that they prescribe elements.[96] Under this view, the jurisdictional nature of the two-prior-conviction provision for felony DWI converts what would otherwise be a punishment issue into an element of the offense. Because the single-prior-conviction provision for misdemeanor DWI is not jurisdictional, that conversion effect does not occur, so the provision retains its character as prescribing a punishment issue.

The dissent suggests that our analysis results in "construing indistinguishable, side-by-side phrases in diametrically opposing ways." In response to our obvious reliance on Article 36.01's "jurisdictional" language to distinguish the felony and misdemeanor DWI provisions, the dissent is not persuaded because Article 36.01 tells us only that non-jurisdictional enhancements should not be read to the jury until punishment but does not tell us "what fact-issues fall into that category." We disagree with this assessment. The word "jurisdictional" is highly informative. As we have discussed above, our caselaw has explicitly recognized that "jurisdictional" allegations are those that raise the level of the offense from a misdemeanor to a felony, which in turn results in vesting jurisdiction of the offense in district court—a court that generally lacks jurisdiction over misdemeanors.

---

[96] *Id.* at 75, 82-84; *Barfield v. State*, 63 S.W.3d 446, 448 (Tex. Crim. App. 2001) ("The two previous convictions of DWI are jurisdictional elements of the offense of felony DWI, which must be alleged to invoke the jurisdiction of the felony court and which must be proved to obtain a conviction of felony DWI."); *Gant v. State*, 606 S.W.2d 867, 871 (Tex. Crim. App. 1980) ("[T]he prior theft offenses, as jurisdictional elements of the offense alleged, must be included in the body of the main charge before the jury is authorized to make a general finding of guilt."); *Leal v. State*, 445 S.W.2d 750, 752 (Tex. Crim. App. 1969) ("The allegations of the two prior misdemeanor convictions were necessary to charge a felony and were jurisdictional.").

### 3. *Title*

The title of Penal Code § 49.09 is "Enhanced Offenses and Penalties."[97]  Because there were only two enhancing provisions when § 49.09 was initially enacted—the single-prior-conviction provision that elevated DWI to a Class A misdemeanor and the two-prior-conviction provision that elevated DWI to a third degree felony—we speculated in *Benson* that the legislature's reference to offenses *and* penalties might have been an indication that one of the provisions prescribed an element of the offense while the other prescribed a penalty enhancement.[98]  But further consideration of the matter suggests another possibility: that the legislature saw the single-prior-conviction provision as enhancing both the offense and the penalty because it raised the offense level from a Class B to a Class A misdemeanor *and* because it imposed a minimum term of confinement of 30 days.[99]

Nevertheless, there is another way in which the title supports the notion that at least one of § 49.09's provisions prescribes a punishment issue: the word "enhanced."  Instead of "enhanced," the legislature could have said "aggravated."  The Penal Code lists several offenses that are titled as "aggravated": "Aggravated Kidnapping," "Aggravated Assault," "Aggravated Sexual Assault," "Aggravated Robbery," "Aggravated Perjury," and "Aggravated Promotion of Prostitution."[100]  A title of "Aggravated Offenses" would have lent support to the idea that the provisions prescribed elements.  Using the word "enhanced" in § 49.09's title seems to conform to Article 36.01's

---

[97]  *See* TEX. PENAL CODE § 49.09 (title).

[98]  459 S.W.3d at 88.

[99]  *See* TEX. PENAL CODE § 49.09(a) (West 1996).

[100]  *See* TEX. PENAL CODE §§ 20.04, 22.02, 22.021, 29.03, 37.03, 43.04 (titles).

reference to prior convictions "alleged for purposes of enhancement only."[101]  And as we have already stated, § 49.09 contained only prior-conviction provisions when it was first adopted.  Article 36.01 does not specify whether the "enhancement" is of the offense or of the punishment, and so, even the words "enhanced offense" would seem to be consistent with it.  If, as the title suggests, the legislature had Article 36.01 in mind when it enacted § 49.09, then it would seem probable that the legislature intended the status of a particular § 49.09 enhancement to depend on whether it is jurisdictional.  Under that reasoning, § 49.09(a), the single-prior-conviction provision elevating DWI to a Class A misdemeanor, prescribes a punishment issue because it is not jurisdictional.

### E. Conclusion

From this discussion, we conclude that, although the statutory language is ambiguous, various factors suggest that the legislature intended that § 49.09(a) prescribe a punishment issue.  Consequently, we hold that the litigation of the prior-conviction allegation at the punishment stage of trial was proper.  We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Delivered: May 23, 2018

Publish

---

[101]  TEX. CODE CRIM. PROC. art. 36.01(a)(1).