

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00403-CR

CASEY LEON RIDDLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. B20202-1604, Honorable Robert W. Kinkaid, Jr., Presiding

July 24, 2019

## MEMORANDUM OPINION

Before QUINN, C.J.[1], and CAMPBELL and PIRTLE, JJ.

Appellant Casey Leon Riddley appeals from his conviction, following a guilty plea, of the offense of delivery of a controlled substance in a drug-free zone,[2] enhanced by two previous felony convictions, and the resulting sentence of fifty-five years of imprisonment. His five appellate issues challenge his sentence. We will affirm.

---

[1] Chief Justice Brian Quinn, not participating.

[2] TEX. HEALTH & SAFETY CODE ANN. § 481.134(d) (2010).

## Background

Appellant's indictment alleged he knowingly delivered cocaine in an amount less than one gram in a drug-free zone, a playground. The charge included also two enhancement paragraphs alleging he had two prior final felony convictions. Appellant did not challenge the indictment. After the petit jury was seated on the day of trial, appellant initially pled not guilty but shortly thereafter changed his plea to guilty. After admonitions, the trial court accepted appellant's plea of guilty before the jury. At that point, the two enhancement paragraphs were read, and appellant entered pleas of "not true" to the two prior convictions. The State presented evidence of several drug sales by appellant to an undercover police officer. The State also introduced several judgments showing appellant's previous convictions.

The jury was instructed, in accordance with appellant's plea, to find him guilty of "the offense of delivery of a controlled substance in a drug free zone as charged in the indictment." It further instructed the jury that the "indictment alleges in the enhancement paragraphs thereof that prior to the commission of the offense of delivery of a controlled substance in a drug free zone to which the defendant has entered his plea of guilty, the defendant was two times convicted of a felony . . . ." The charge contained four verdict forms, requiring the jury to determine whether both, one or the other, or neither of the prior convictions was "true," and assess punishment under the resulting range of punishment. Appellant did not object to or challenge the court's charge to the jury. The jury found both enhancement paragraphs "true", and sentenced appellant to a term of imprisonment of fifty-five years.

Analysis

Sentence Illegality

By his first issue, appellant contends his fifty-five-year sentence is illegal. He reaches this conclusion by arguing he was convicted of a state-jail felony offense, the punishment level of which was increased by a drug-free zone enhancement under Health and Safety Code section 481.134 then was further enhanced, improperly, by his two prior felony convictions, under Penal Code section 12.42(d). TEX. HEALTH & SAFETY CODE ANN. § 481.134 (West 2010); TEX. PENAL CODE ANN. § 12.42(d) (West 2011). Because the base offense was a state jail felony, appellant argues, Penal Code section 12.425 applied, rather than section 12.42(d), with the result that his lawful sentence of confinement was limited to that of a second-degree felony. TEX. PENAL CODE ANN. § 12.425 (West Supp. 2018).

The State responds with the contention the record is clear appellant was convicted of a third-degree felony offense, the punishment level of which was properly enhanced by his two prior felony convictions under Penal Code section 12.42(d). After review of the record, we agree with the State. *See Bural v. State,* No. 07-05-0126-CR, 2006 Tex. App. LEXIS 1326 (Tex. App.—Amarillo Feb. 15, 2006, no pet.) (mem. op., not designated for publication) (appellate court may review entire record to determine whether a defendant was prosecuted for a third-degree felony or a state jail felony).

Delivery of controlled substances in Penalty Group 1, which includes cocaine, is addressed in Health & Safety Code section 481.112(a). TEX. HEALTH & SAFETY CODE ANN. § 481.102 (penalty group 1), § 481.112(a) (West 2010). Under subsection (b) of that

3

section, the offense is a state jail felony if the amount involved is less than one gram. TEX. HEALTH & SAFETY CODE ANN. § 481.112(b).

Drug-free zones applicable to drug offenses are set out in Health & Safety Code section 481.134. TEX. HEALTH & SAFETY CODE ANN. § 481.134. Subsection (b) of section 481.134 provides that an offense otherwise punishable as a state jail felony under Penal Code section 481.112 is punishable as a third-degree felony if the offense was committed in, on or within 1,000 feet of a playground. By that subsection's terms, the determination is made "at the punishment phase of the trial." TEX. HEALTH & SAFETY CODE ANN. § 481.134(b).

Subsection (d) of section 481.134 also addresses offenses "otherwise punishable under [s]ection 481.112(b)." That subsection states that such an offense "is a felony of the third degree if it is shown on the trial of the offense that the offense was committed" in, on, or within 1,000 feet of, *inter alia*, a playground. TEX. HEALTH & SAFETY CODE ANN. § 481.134(d). The Court of Criminal Appeals has explained the effect of section 481.134(d), stating the subsection "does not make the state jail felony merely *punishable* as a third degree felony . . . [i]nstead, it actually raises the level of the offense to that of a third degree felony." *White v. State*, 509 S.W.3d 307, 309 n.2 (Tex. Crim. App. 2017) (italics in original).

The State's indictment of appellant does not state a Penal Code section. The page contains the notation "offense: MAN DEL CS PG 1 <1G DRUG FREE ZONE." The trial court's judgment of conviction identifies appellant's offense similarly, as "MANUFACTURE DELIVER CONTROLLED SUBSTANCE PG 1<1G DRUG FREE

4

ZONE," and, in the field calling for the "statute for offense," ambiguously states the notation "SECTION 481.134(b)(d) Penal Code." It identifies the degree of the offense as a third degree felony. It identifies appellant's plea to the first and second enhancement penalties as "not true," and the findings on both as "true."

The record shows the base offense was treated as a third-degree felony at trial. First, prior to voir dire, the trial court informed the jury panel that appellant was "charged by indictment with having committed the third-degree felony offense of delivery of a controlled substance in a [d]rug [f]ree [z]one." The court continued, "[t]he range of punishment for this base offense of delivery of a controlled substance in an amount of less than one gram in a [d]rug [f]ree [z]one is imprisonment . . . for a term of not less than two years or more than ten years and an optional fine not to exceed $10,000 may be assessed." Appellant raised no objection to the court's description of the level of the "base offense" or its third-degree-felony punishment range.

Immediately prior to appellant's initial not-guilty plea, the record reflects the indictment was read in open court. Although the reporter's record does not record what was read, the record indicates the district attorney read the allegations in the "base offense," as the trial court referred to it, those being the allegations of the delivery of the cocaine in a drug-free zone. Later, after the trial court's receipt of appellant's plea of guilty, the court announced "the next step is the district attorney will read the balance of the indictment." After the reading, the court received appellant's plea of "not true" to the enhancement paragraphs.

During the court's guilty-plea inquiries and admonishments, the court continued to describe the offense as a third-degree felony, asking appellant if he understood that "the range of punishment for this offense, *just for the offense alone* is imprisonment in the Institutional Division of the Texas Department of Criminal Justice for a term of not less than two years or more than 10 years and a $10,000 fine . . . ."[3]  *See* TEX. PENAL CODE ANN. § 12.34 (third-degree felony punishment level).  The trial court then explained to appellant that if the allegations set forth in the enhancement paragraphs were found to be "true," the punishment range would be a term of imprisonment for not less than 25 years or more than 99 years or life imprisonment.  *See* TEX. PENAL CODE ANN. § 12.42(d) (punishment enhanced by prior felony convictions).  Appellant acknowledged he understood those ranges of punishment, and raised no objection or complaint to their description.

After hearing evidence on punishment, the court submitted a charge to the jury that, as noted, instructed a finding that appellant was guilty of "the offense of delivery of a controlled substance in a drug free zone as charged in the indictment."  After the jury's verdict was received, the court voiced a finding of appellant's guilt of that offense, and that is the offense stated in the court's written judgment.  In short, we find nothing in the trial record to suggest appellant was convicted of a state jail felony.  To the contrary, the record reflects that appellant was convicted of delivery of less than a gram of cocaine, a state jail felony elevated to a third-degree felony offense by virtue of its occurrence in a drug-free zone.  All those facts were adjudicated through his guilty plea, consistent with the terms of section 481.134(d).  *See White*, 509 S.W.3d at 312 (describing drug free

_____

[3] Italics ours.

zone circumstance in § 481.134(d) as one that "boosts the offense from a state jail felony to a third degree felony").

Appellant refers to the analysis set out by the Court of Criminal Appeals in *Oliva v. State,* 548 S.W.3d 518 (Tex. Crim. App. 2018), in which the court considered section 49.09(a) of the Penal Code, which provides that a single prior conviction elevates a second DWI offense from a Class B misdemeanor to a Class A misdemeanor. *Id.* at 519; TEX. PENAL CODE ANN. § 49.09(a) (West 2018). Answering the question whether the existence of the single prior conviction is an element of the offense or merely a punishment issue, the court held that, unlike the proof of two prior convictions for felony DWI, which are elemental, proof of the single prior conviction in a misdemeanor DWI case is a punishment issue. *Id.* at 519-20.

Appellant urges us to undertake a similar analysis of subsection 481.134(d), arguing the subsection contains wording the court in *Oliva* said is indicative of an offense level ("is a felony of the third degree"), *Oliva,* 548 S.W.3d at 526, and wording the court there said is indicative of a punishment issue ("if it is shown on the trial of the offense"). *Id.* at 527-28. But the court explicitly described the effect of subsection 481.134(d) in *White*, and the court cited to that description in its *Oliva* opinion. *Id.* at 526 n.45 (citing *White*, 509 S.W.3d at 309 n.2). The *Oliva* opinion does not give us cause to doubt the currency of the court's explication of section 481.134(d) in *White*.

Finding that appellant properly was subject to an enhanced punishment under Penal Code section 12.42(d) after conviction of a third-degree felony under section

7

481.134(d) and unchallenged findings he had two prior felony convictions, we conclude his fifty-five-year sentence was not illegal. Appellant's first issue is overruled.

The State further contends the ambiguous reference in the court's judgment of conviction, referring to the non-existent Penal Code section "481.134(b)(d)" should be reformed to refer to section 481.134(d). We agree, and will reform the judgment.

Double Jeopardy

In appellant's second issue, he contends he was subjected to multiple punishments for the same offense, running afoul of the double-jeopardy clause. U.S. CONST. amend. V; *Garfias v. State,* 424 S.W.3d 54, 58 (Tex. Crim. App. 2014).

The protection against double jeopardy includes the protection against multiple punishments. *Ex parte Benson,* 459 S.W.3d 67, 71 (Tex. Crim. App. 2015) (citation omitted). In the context of multiple punishments, "the double jeopardy clause prevents a court from prescribing greater punishment than the legislature intended." *Id.* (citing *Missouri v. Hunter,* 459 U.S. 359, 366 (1983); *Gonzales v. State,* 304 S.W.3d 838, 845 (Tex. Crim. App. 2010)).

Appellant's argument on appeal does not present a persuasive contention his fifty-five-year sentence is greater than the legislature has intended on the proof the State produced at appellant's trial. *See Oliva*, 548 S.W.3d at 526; *Ford v. State*, 334 S.W.3d 230, 233 (Tex. Crim. App. 2011) (both addressing operation of Penal Code section 12.42(d)). We are unable to agree his sentence violates the constitutional protection against double jeopardy.

We resolve appellant's second issue against him.

Constitutional Claims

Via his remaining issues, appellant asserts the sentencing provisions of section 481.134 are unconstitutionally vague in violation of the Due Process Clause. He argues that section 481.134(b) and (d), analyzed in light of the decision in *Oliva,* 548 S.W.3d 518, "create an irreconcilably vague framework for prosecuting drug-free zone cases." He contends that a defendant is "unable to determine under the statute whether the enhancement sought is a 'level of punishment' enhancement or 'level of offense' enhancement." The statutory provisions do not provide a definite guideline for law enforcement, according to appellant, and deny defendants due process of law.

Both parties agree that in *Karenev v. State,* 281 S.W.3d 428, 438-39 (Tex. Crim. App. 2009), the Court of Criminal Appeals concluded that a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute. Appellant argues, however, that because his counsel did not have the benefit of the opinion in *Oliva* at the time of his trial, his counsel had no reason to challenge the constitutionality of section 481.134. Appellant contends that because the opinion in *Oliva* "changed the landscape for review of enhancement allegations under Texas law," he should be permitted to raise his constitutional challenge on appeal.

We disagree for two reasons. First, as the State points out, we are bound to follow holdings of the Court of Criminal Appeals. *McKinney v. State,* 177 S.W.3d 186 (Tex. App.—Houston [1st Dist.] 2005), *aff'd* 207 S.W.3d 366 (Tex. Crim. App. 2006). Second, as we have noted, we do not agree with appellant that the opinion in *Oliva* changed the

9

proper view of application of section 481.134(d) to facts like those in appellant's case. We will follow the *Karenev* opinion, 281 S.W.3d at 438-39, and find appellant may not raise his constitutional challenges at this juncture.

Appellant's third, fourth, and fifth issues are overruled.

Reformation of Judgment

As an appellate court, we have the authority to reform a judgment to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State,* 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). As we discussed in our analysis of appellant's issues, the record in this case makes it clear the State proceeded under section 481.134(d) of the Health and Safety Code and that appellant was tried and convicted for a third-degree felony offense. The written judgment indicates the statute of offense to be "SECTION 481.134(b)(d) Penal Code." We reform the trial court's judgment to show the statute of offense to be Section 481.134(d) of the Texas Health & Safety Code.

Conclusion

Having overruled each of appellant's issues, we reform the judgment of the trial court as stated, and affirm it as reformed.

James T. Campbell
Justice

Do not publish.

10