

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

## No. 07-17-00145-CR

———————————————

### DAVID ANTHONY MARTIN, APPELLANT

### V.

### STATE OF TEXAS, APPELLEE

On Appeal from the 207th District Court
Comal County, Texas
Trial Court No. CR 2016-402 (Counts I, II, III, V, VI, VII & VIII)
Honorable Bruce Boyer, Presiding

December 6, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

By a single indictment, Appellant, David Anthony Martin, was charged with one count of aggravated kidnapping, three counts of aggravated assault with an affirmative finding on use of a deadly weapon, one count of possession of a controlled substance, to-wit: methamphetamine, in an amount of one gram or more but less than four grams, and three counts of tampering with physical evidence.

The trial court entered a judgment of acquittal as to one of the aggravated assault offenses and a jury convicted Appellant of the seven remaining offenses. The range of punishment applicable on each offense was raised pursuant to the habitual offender provisions of the Texas Penal Code.[1] Appellant elected to have the court assess punishment and sentences were imposed as depicted below.

| Count I | Aggravated Kidnapping (Sarah Johnson) | TEX. PENAL CODE ANN. § 20.04 (West 2011) | 60 years |
|---|---|---|---|
| Count II | Aggravated Assault with a Deadly Weapon (Sarah Johnson) | TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011) | 50 years |
| Count III | Aggravated Assault with a Deadly Weapon (Sarah Johnson) | TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011) | 50 years |
| Count IV | Aggravated Assault with a Deadly Weapon (Kirk Collins) | TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011) | Acquittal |
| Count V | Possession of a Controlled Substance Penalty Group 1 >1 gram <4 grams | TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2017) | 25 years |
| Count VI | Tampering with Physical Evidence (black knife) | TEX. PENAL CODE ANN. § 37.09(d)(1) (West 2016) | 25 years |
| Count VII | Tampering with Physical Evidence (black box containing methamphetamine) | TEX. PENAL CODE ANN. § 37.09(d)(1) (West 2016) | 25 years |
| Count VIII | Tampering with Physical Evidence (red box containing baggies) | TEX. PENAL CODE ANN. § 37.09(d)(1) (West 2016) | 25 years |

---

[1] *See* TEX. PENAL CODE ANN. § 12.42 (West Supp. 2018). An offense "punished as" a higher offense raises the level of punishment, not the degree of the offense. *Oliva v. State,* 548 S.W.3d 518, 526-27 (Tex. Crim. App. 2018).

The trial court entered seven separate judgments wherein Appellant's sentences were ordered to run concurrently. Appellant filed a timely notice of appeal.[2] By a single issue, Appellant contends the trial court erred by allowing evidence of his gang affiliation to be admitted before the jury. We reform six of the seven judgments to correct clerical errors and affirm the judgments as reformed.

BACKGROUND

Appellant ended a dating relationship with Sarah Johnson[3] sometime prior to November 2, 2015. On that date, Appellant called Johnson and asked her to pick him up at a location in New Braunfels, Texas. He also asked her to bring him his television, which he had left at her apartment.

When Johnson arrived at the arranged pick-up location, Appellant was carrying a bundle of personal possessions which he proceeded to load into her vehicle. At that point, Appellant instructed Johnson to take him to her apartment so that he could retrieve his television. When Johnson objected, Appellant pulled out a knife and held it to her side. He then instructed her again to take him to her apartment. Instead of driving to her apartment, Johnson drove to the nearest public place, a Walmart parking lot. There, an argument ensued, and Appellant threatened to stab her.

---

[2] Originally appealed to the Third Court of Appeals, this case was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Third Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3

[3] The victim originally requested the State to use a pseudonym, and therefore, the indictment was returned using the pseudonym "Sarah Johnson." Although the victim was identified and her given name used throughout trial, we will use the pseudonym contained in the indictment.

Wanting to de-escalate the situation, Johnson managed to call a friend, Kirk Collins, who was at her apartment, and advised him that she and Appellant were heading to the apartment to pick up the television. While driving to her apartment, Johnson told Appellant she would go in and bring the television out to him. When they arrived at the apartment, both parties exited the vehicle. Johnson testified that she was frightened by Appellant's yelling at her as they approached the apartment.

Once they entered the apartment, Appellant began brandishing two knives. While Johnson was in the kitchen, he grabbed her and cupped his hand over her mouth while holding one of the knives. This maneuver chipped Johnson's teeth. During this assault, another woman, Bailey Martinez, was in the living room of the apartment and Collins was in the bathroom calling the police.

At this point, Appellant left the apartment and returned to Johnson's vehicle to retrieve his personal possessions. As Appellant removed his possessions from the vehicle, Johnson approached and began to talk to him in an attempt to detain him until the police could arrive. When the police did arrive, Appellant pushed Johnson in front of one officer, Todd Henricksen, and fled on foot. Officer Henricksen gave chase, finally catching up to Appellant after he tripped and fell. As they approached, officers witnessed Appellant attempting to secrete items under a pile of leaves. A K-9 unit and another officer, Jason Tucker, later retrieved from the leaf pile a knife, a black box containing methamphetamine, and a red box containing baggies.

Initially, Johnson did not want Appellant prosecuted for any of the activities that night. She expressed fear of retaliation and even requested that the police use a pseudonym in their police reports. Later, after being pressured by Appellant's mother

4

and a friend of Appellant, Johnson went to the police station and filled out a non-prosecution affidavit. Despite these efforts, Appellant was indicted for the eight offenses outlined above.

At trial, Johnson testified concerning the events of November 2nd, as did the investigating officers. On appeal, Appellant contends the trial court erred in allowing Johnson and Officer Williams to testify concerning Appellant's affiliation with a known criminal street gang, the Aryan Brotherhood. Appellant contends the State set up two sham grounds for the admission of that testimony: (1) to refute a claim of "self-defense," and (2) to rebut evidence that Johnson made attempts to "drop" the charges against him because she was in fear of retaliation. On the other hand, the State contends the grounds for admission of that testimony were legitimate, that the evidence was properly admitted in accordance with the Texas Rules of Evidence, and that, even if the testimony were inadmissible, any error in admitting that evidence was harmless.

APPLICABLE LAW AND ANALYSIS

We review a trial court's decision to exclude or admit evidence for an abuse of discretion. *See Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011); *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990) (en banc). The test for abuse of discretion is a question of whether the trial court acted without reference to any guiding rules and principles. *See Montgomery*, 810 S.W.2d at 380. We will uphold the trial court's ruling "so long as the result is not reached in an arbitrary or capricious manner." *See id.* Furthermore, we will sustain the trial court's decision if that decision is correct on any theory of law applicable to the case. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990) (en banc).

5

If an appellate court determines that the trial court committed error in the admission or exclusion of evidence, it must then determine whether Appellant was harmed by that error. Generally, the erroneous admission of gang affiliation evidence is non-constitutional error subject to harmless error analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 44.2(b); *Villareal v. State,* No. 05-13-00629-CR, 2014 Tex. App. LEXIS 7296, at 21-22 (Tex. App.—Dallas July 7, 2014, no pet.) (mem. op., not designated for publication) (error, if any, in the admission of evidence of gang affiliation reviewed on basis of non-constitutional error); *Johnson v. State,* No. 03-09-00062-CR, 2010 Tex. App. LEXIS 3884, at *8 (Tex. App.—Austin May 19, 2010, pet. ref'd) (mem. op., not designated for publication) (same). Non-constitutional error does not require reversal unless it affects the appellant's substantial rights. An appellant's substantial rights are not affected by the erroneous admission of evidence if, after examining the record as a whole, the appellate court has a fair assurance that the error did not influence the jury's verdict or had but a slight effect. *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (disregarding the erroneous admission of evidence where evidence did not have a substantial or injurious influence on the jury's decision). Furthermore, erroneously-admitted testimony may constitute harmless error when it is cumulative of other evidence introduced in the case. *See Franks v. State*, 90 S.W.3d 771, 805-06 (Tex. App.—Fort Worth 2002, no pet.) (admission of evidence was harmless where same evidence was introduced through several other witnesses). *See also Valencia v. State*, 484 S.W.3d 238, 244 (Tex. App.—Amarillo 2016, pet. ref'd) (holding that purported error involving the admission of evidence of gang affiliation was harmless because similar evidence was properly admitted elsewhere at trial).

Several nonexclusive factors should be considered when conducting a harmless error analysis under Rule 44.2(b), including (1) the nature or the error, (2) whether or to what extent the erroneously-admitted evidence was emphasized by the State, (3) the probable collateral consequences of the error, and (4) how much weight the jurors are likely to place on the erroneously-admitted evidence in the course of their deliberations. *Snowden v. State*, 353 S.W.3d 815, 822 (Tex. Crim. App. 2011).

Here, the State solicited evidence of Appellant's gang affiliation with the Aryan Brotherhood, a known criminal street gang, for the purported purpose of refuting a claim that Johnson was the first aggressor and to rebut any negative inferences that might arise from her attempts to see that the charges against Appellant were not prosecuted. Testimony established that the knife recovered by the police was embellished with Nazi symbols, including a swastika and Gestapo iconography. Testimony also established that Johnson knew Appellant had tattoos on his body depicting swastikas, lightning bolts, and other Nazi symbols and she knew that he associated with other members of the Aryan Brotherhood. Overall, we can accept the State's contention that this testimony was offered to explain Johnson's reluctance in wanting to see Appellant prosecuted. It was never implied that gang affiliation testimony was being offered as character-conformity evidence and it was clear that the offenses being prosecuted were unrelated to the activities of any street gang. As such, the trial court did not err in admitting that testimony.

Furthermore, even assuming the trial court erred by admitting the complained-of evidence, we conclude Appellant was not harmed. *See* Tex. R. App. P. 44.2(b). As to the merits of the offense, properly-admitted testimony plainly established the basic elements of the offenses for which Appellant was convicted. In light of the overwhelming

7

evidence of guilt, including the fact that the weapon used to facilitate the offenses was embellished with Nazi symbolism, we fail to see how evidence of Appellant's gang affiliation had a substantial or injurious influence on the jury's decision to convict. As such, any error in the admission of that evidence was harmless. *See* TEX. R. APP. P. 44.2(b). Accordingly, Appellant's issue is overruled.

REFORMATION OF JUDGMENT

In our review of the record, it has come to our attention that six of the seven judgments include a clerical error. The judgment pertaining to Count III incorrectly identifies the "Statute of Offense" as section 20.02(a)(2) of the Texas Penal Code, when it should reflect section 22.02(a)(2). Furthermore, the judgments pertaining to Counts II, III, V, VI, VII, and VIII reflect the assessment of "Court Costs" in the amount of $528.00, when they should reflect zero. Because Appellant was charged with eight offenses in a single criminal action, the trial court is allowed to only assess one set of court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (West 2018) (providing that "[i]n a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant").

This court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b). *Ramirez v. State*, 336 S.W.3d 846, 852 (Tex. App.—Amarillo 2011, pet. ref'd) (citing *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993)). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the

8

record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529-30.

As such, the judgments of the court are reformed to reflect the correct degree of offense and court costs assessed, as set forth above. Furthermore, the trial court is ordered to prepare and file a *Judgment Nunc Pro Tunc* reflecting each reformation set out above and the trial court clerk is ordered to provide copies of the corrected judgments to the Institutional Division of the Texas Department of Criminal Justice.

CONCLUSION

As reformed, the trial court's judgments are affirmed.


Patrick A. Pirtle
Justice

Do not publish.