# NO. 12-18-00136-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICKY TAYLOR WATSON,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Ricky Taylor Watson appeals his conviction for driving while intoxicated (DWI). In one issue, Appellant challenges the legal sufficiency of the evidence. We affirm.

### BACKGROUND

At approximately 3:00 p.m. on Memorial Day, May 29, 2017, Shirley Clark was driving south on Farm-to-Market Road Fourteen (FM 14), a two-lane highway just north of Tyler, Texas. She saw a vehicle, later determined to be operated by Appellant, turn left from County Road 3154 (CR 3154) into her lane of traffic on FM 14. She immediately took evasive action, but the two vehicles collided. Clark could no longer drive her vehicle, whereas Appellant drove away from the scene of the accident.

Clark's sister, Beverly Ates, had been driving behind her and upon seeing that Appellant failed to stop, she immediately followed him. Appellant made a U-turn to return from the direction he had been traveling on CR 3154. Ates followed Appellant for between five and ten minutes until he pulled into a driveway near his residence. Ates testified at trial that Appellant was driving erratically as she followed him. This was confirmed at trial by Appellant's neighbor, Maurice Longbreak, who observed him pulling into the driveway "a little bit sporadic" and "a little bit out of control." After Ates observed Appellant pulling into the driveway, she was instructed by the

9-1-1 dispatcher to return to the scene of the accident where law enforcement officers were investigating the incident.

Texas Department of Public Safety (DPS) Trooper Joe Hogue arrived at the accident scene at approximately 3:04 p.m. Hogue stated that after he spoke with witnesses, he drove to Appellant's house where he was met by Appellant's daughter, Heather Dear. Dear told Hogue that Appellant was not in the house and that she thought he went to another neighbor's house. Hogue went to that neighbor's house only to find that Appellant had not been there. This raised concerns for Hogue that Dear was not being truthful with him. Hogue returned to speak with Dear at Appellant's home. Dear told Hogue that Appellant had two beers before 11:00 a.m. that day. Initially, she denied that Appellant was in the house but eventually confessed that he was home. She directed Hogue and another DPS officer to the closet where Appellant was hiding. Hogue testified that Appellant told him that he "messed up." Hogue observed that Appellant had blood shot eyes and mumbling speech, to the point of being unintelligible at times. Appellant admitted to Hogue that he drank a couple of beers before 11:00 a.m. Further, Appellant told Hogue that he was returning from buying more beer at the time of the accident.

Hogue arrested Appellant for DWI around 6:15 p.m. At 7:32 p.m., in the Smith County jail, Appellant had a blood alcohol concentration (BAC) of 0.088. Appellant was indicted for DWI. At the conclusion of trial, the jury found Appellant "guilty" and assessed his punishment at five years of imprisonment.[1] This appeal followed.

SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant contends that the evidence is insufficient to support his conviction. Specifically, he argues that the state failed to prove that he was intoxicated at the time of the accident.

**Standard of Review**

When determining if evidence is sufficient to sustain a conviction, the court must apply the *Jackson v. Virginia* standard. *See Brooks v. State*, 323 S.W.3d 893, 902, 912 (Tex. Crim. App.

---

[1] The offense is a third-degree felony because Appellant has two previous DWI convictions. *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2018); *Oliva v. State*, 548 S.W.3d 518, 519 (Tex. Crim. App. 2018) (holding existence of two prior DWI convictions is essential element of offense because it establishes jurisdictional fact needed to make DWI offense triable in district court).

2010). This standard requires the court to determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks*, 323 S.W.3d at 899. In order to consider the evidence in the light most favorable to the verdict, we must defer to the jury's credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *Brooks*, 323 S.W.3d at 899; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. This standard recognizes "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). The fact finder is entitled to judge the credibility of the witnesses, and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *see also Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). When conflicting evidence is presented, we must resolve those conflicts in favor of the verdict and defer to the fact finder's resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. We may not substitute our own judgment for that of the fact finder. *See id.*, 443 U.S. at 319, 99 S. Ct. at 2789; *Thornton v. State*, 425 S.W.3d 289, 303 (Tex. Crim. App. 2014); *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015).

**Applicable Law**

A person commits the offense of DWI if the person is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2018). "Intoxicated" is defined as:

> (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or
>
> (B) having an alcohol concentration of 0.08 or more.

*Id*. at 49.01(2) (West 2011). The definitions contained in Section 49.01(2) set forth alternative means by which the state may prove intoxication, rather than alternate means of committing the offense. *Bagheri v. State*, 119 S.W.3d 755, 762 (Tex. Crim. App. 2003). The conduct proscribed

3

by the penal code is the act of driving while in a state of intoxication. *Id*. That does not change whether the state uses the per se definition or the impairment definition to prove the offense. *Id*. Finally, the offense of DWI is a third-degree felony if the defendant has two previous DWI convictions. *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2018).

**Discussion**

Appellant correctly notes that the BAC test was not performed until 7:32 p.m. on the day of the accident. The collision occurred at approximately 3:00 p.m. He contends the only evidence in the record of the alcohol he consumed that day was two twenty-five ounce beers between 6:30 and 11:00 a.m. that day prior to the accident, and therefore, he could not have been intoxicated at the time of the accident. Scott Brown, the DPS technical supervisor, testified that "it was not scientifically possible" for Appellant to have consumed alcohol only in those amounts until 11:00 a.m. that day and still be at 0.088 at 7:32 p.m. on the same day. This is because, Brown testified, taking Appellant's statement that he stopped drinking at 11:00 a.m. as true, he would have needed to consume twelve standard twelve ounce beers to still have a BAC of 0.088 at 7:32 p.m.

However, Brown testified, taking Dear's testimony as true, that if Appellant consumed two twenty-five ounce beers prior to 11:00 a.m., and then had only two eighteen-ounce beers after the accident up until the time of his apprehension at 6:15 p.m., the morning beers would have dissipated by the time of the accident, yet it was still possible that the afternoon beers "could get someone to a 0.08." Brown was also asked what Appellant's BAC would have been at 3:00 p.m. had he consumed only the two twenty-five ounce beers that morning as he and his daughter testified. Brown stated that the potential BAC would have been in a range from 0.00 to 0.06. Appellant contends that this evidence shows that he could not have been intoxicated at the time of the accident.

However, the jury was entitled to judge the credibility of Appellant and Dear and could choose to believe all, some, or none of their testimony. *See Chambers*, 805 S.W.2d at 461. Dear first testified that Appellant drank only a few beers that morning. Later she testified that he drank only two beers during the morning. Further, Hogue testified that Dear had not been truthful with him when he asked her about Appellant's location after the accident. The jury was able to view video evidence of Hogue's second interview with Dear following the accident. The jury was entitled to believe Dear's testimony that Appellant had been drinking that day but not her testimony as to the amount he drank and during what time period. Brown testified that had Appellant

consumed twelve beers by 11:00 a.m. prior to the 3:00 p.m. accident, as would be necessary to have a 0.088 BAC at 7:32 p.m. with no further alcohol consumption, Appellant would still have approximately eight beers in his system at the time of the accident. Brown testified that Appellant would not likely have the normal use of his mental or physical faculties if he had eight beers remaining in his system at the time of the accident. When conflicting evidence is presented, we must defer to the fact finder's resolution of the facts. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.

In any event, this evidence relates only to the per se definition of intoxication. *See Bagheri*, 119 S.W.3d at 762. There is also the alternative means of proving intoxication through the impairment method. *Id*. Evidence that can logically raise an inference that Appellant was intoxicated at the time of driving includes his erratic driving and his admission that he had been drinking. *See Kirsch v. State*, 306 S.W.3d 738, 745 (Tex. Crim. App. 2010). Specifically, there was testimony from both Ates and Longbreak that Appellant was driving erratically following the accident. Moreover, both Appellant and Dear testified that he had been drinking that morning prior to the accident. Appellant also admitted to Hogue that he "messed up." Additionally, Hogue, based on his experience and observations of Appellant, concluded that Appellant had been intoxicated while operating a motor vehicle. *See Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979). The combination of these facts is sufficient to support Appellant's conviction for DWI. *See Kirsch*, 306 S.W.3d at 746.

Moreover, a fact finder may draw an inference of guilt from the circumstances of the Appellant's flight from the scene of the collision and hiding from law enforcement. *Clayton v. State*, 235 S.W.3d 772, 780 (Tex. Crim. App. 2007). This constitutes additional incriminating circumstantial evidence. *Id*. Fleeing the scene of an accident and hiding from law enforcement, when combined with the circumstances shown above, further supports the jury's verdict. *Id*. at 781.

Viewing all of the evidence in the light most favorable to the verdict, we conclude that the jury was rationally justified in finding Appellant guilty of DWI beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Brooks*, 323 S.W.3d at 899. Because the evidence is sufficient to support Appellant's conviction, we overrule his sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered March 29, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 29, 2019**

**NO. 12-18-00136-CR**

**RICKY TAYLOR WATSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1519-17)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*