

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-90,442-01 AND WR-90,442-02

### EX PARTE DEREK LEE CASEY, JR., Applicant

### v.

### THE STATE OF TEXAS

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 12110-D & 12111-D IN THE 350TH DISTRICT COURT
### FROM TAYLOR COUNTY

KEEL, J., filed a concurring opinion in which HERVEY, RICHARDSON, and WALKER, JJ., joined.

### CONCURRING OPINION

Applicant pled guilty to two charges of aggravated assault of a public servant stemming from a nighttime shooting in an Abilene alley. The officers were not hit, but they returned fire, and Applicant was wounded. After a pre-sentence investigation report and a punishment hearing, the trial court sentenced him to 25 years in prison with a

deadly weapon finding. The Court grants relief, and I write separately to explain why I agree with its opinion.

Applicant filed a writ of habeas corpus claiming, among other things, that his guilty plea was involuntary because of a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). That is, the State failed to disclose the fact that the police did not identify themselves as officers before he shot at them. The "failure to identify" was revealed by the punishment-hearing testimony given by the police, and it contradicted pretrial discovery material indicating that the officers had announced themselves as police before the shooting started.

## II.  *Brady* **Generally**

The prosecution has an "inescapable" duty to disclose favorable evidence, even if it is known only to the police. *Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995); *Harm v. State*, 183 S.W.3d 403, 406 (Tex. Crim. App. 2006). A *Brady* claim is established by proof that the State suppressed favorable, material evidence. *Ex parte Kimes*, 872 S.W.2d 700, 702-03 (Tex. Crim. App. 1993).

"Favorable evidence is that which, if disclosed and used effectively, '*may* make the difference between conviction and acquittal.'" *Pena v. State*, 353 S.W.3d 797, 811 (Tex. Crim. App. 2011) (quoting *United States v. Bagley*, 473 U.S. 667, 676 (1985)). It includes exculpatory and impeachment evidence. *Pena*, 353 S.W.3d at 811. Evidence is favorable if it negates the required culpable mental state. *See Pena*, 353 S.W.3d at 813. The required culpable mental state for aggravated assault of a peace officer

includes knowledge that the victim was a police officer. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

The *Brady* materiality standard is the same as the prejudice standard used for a claim of ineffective assistance of counsel. *Kyles,* 514 U.S. at 434; *Bagley*, 473 U.S. at 682; *Ex parte Adams*, 768 S.W.2d 281, 290 (Tex. Crim. App. 1989). Favorable evidence is material if its disclosure would have yielded a reasonable probability that the outcome of the trial would have been different. *Kimes*, 872 S.W.2d at 702-03. A "reasonable probability" is shown when the failure to disclose "undermines confidence in the outcome of the trial." *Kyles*, 514 U.S. at 434 (quoting *Bagley*, 473 U.S. at 678). In the context of an involuntary-plea claim, the "different outcome" is a plea of not guilty. *Tate v. Wood*, 963 F.2d 20, 24 (2d Cir. 1992); s*ee also Ex parte Moussazadeh*, 361 S.W.3d 684, 691 (Tex. Crim. App. 2012) (holding that ineffective-assistance-of-counsel prejudice standard is met by evidence that the defendant would not have pled guilty if his attorney had not performed deficiently).

In a case of aggravated assault on a peace officer, evidence negating a defendant's knowledge that he was shooting at a police officer would be favorable evidence. Such evidence would be material in the guilty-plea context if its disclosure likely would have yielded a not-guilty plea. Those two things together equal a viable *Brady* claim.

## III.  *Brady* **and Guilty Pleas**

*Brady* violations can render guilty pleas involuntary. *Ex parte Lewis*, 587 S.W.2d 697, 703 (Tex. Crim. App. 1979) (op. on reh'g) ("a showing of the State's failure to

disclose favorable information before entry of a guilty plea leads as a matter of law to the conclusion that the plea was not knowingly and intelligently made."). We have granted relief for *Brady* violations that arose in the guilty-plea context. *See, e.g.*, *Ex parte Hernandez-Mendoza*, No. WR-89,376-02, 2019 WL 4858440 (Tex. Crim. App. Oct. 2, 2019) (per curiam) (granting relief after guilty plea in drug case where State failed to disclose lab report showing contraband weighed less than alleged); *Ex parte Hirschler*, No. WR-85,904-01, 2016 WL 6778197 (Tex. Crim. App. Nov. 16, 2016) (per curiam) (granting relief after guilty plea in robbery case where State withheld the victim's failure to identify the defendant in a photospread); *Ex parte Disnard*, No. WR-67,912-04, 2015 WL 6182228 (Tex. Crim. App. Oct. 14, 2015) (per curiam) (granting relief after guilty plea in drug case where contraband was planted by police); *Ex parte Johnson*, No. AP-76,153, 2009 WL 1396807 (Tex. Crim. App. May 20, 2009) (per curiam) (granting relief after guilty plea in sexual assault case where State withheld evidence that the victim recanted her allegation).

Granting relief for *Brady* violations that arise in the guilty-plea context is not foreclosed by *Ex parte Palmberg*, 491 S.W.3d 804 (Tex. Crim. App. 2016). *Palmberg* expressly declined to "reach the question whether *Brady* material must be disclosed before a plea bargain is made" because no exculpatory evidence was withheld from the defendant. *Id.* at 814-15. *Palmberg*'s expression of doubt about *Brady*'s applicability to guilty pleas was unnecessary to the resolution of the issue before it, so the expression was *dictum*. *See Oliva v. State*, 548 S.W.3d 518, 524 (Tex. Crim. App. 2018). *Dictum*

is not binding authority. *Baumgart v. State*, 512 S.W.3d 335, 342 (Tex. Crim. App. 2017). Therefore, *Palmberg*'s doubts are not authoritative on the issue of *Brady*'s applicability to guilty pleas.

Furthermore, *Palmberg* acknowledged the viability of an involuntary-plea claim given affirmative misrepresentations about the State's evidence. *Palmberg*, 491 S.W.3d at 810. The Court noted that whereas Palmberg knew that his contraband had not been tested in a lab, a defendant who is affirmatively misled to believe that his contraband could be tested may have a viable challenge to the voluntariness of his plea. *Id.* The latter scenario is analogous to Applicant's case: he was affirmatively misled about the prosecution's case.

## IV. This Case

The State represented pretrial that the police "repeatedly" identified themselves as officers before the shooting started. But it came to light in the punishment hearing that no such identifications had been made. Given the nature of this case—a nighttime shooting in an alleyway—the difference between the reality and the appearance of the State's case is great enough to undermine confidence in the guilty plea. Consequently, I join the Court's opinion granting relief.

Filed: January 27, 2021

Do Not Publish