

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1339-18

### HAROLD WAYNE HOLOMAN, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TWELFTH COURT OF APPEALS
### ANDERSON COUNTY

YEARY, J., delivered the opinion of the Court in which KELLER, PJ., and RICHARDSON, KEEL, WALKER, SLAUGHTER, and MCCLURE, J.J., joined. HERVEY and NEWELL, JJ., concurred.

## O P I N I O N

A jury found Appellant guilty of misdemeanor assault. But the trial judge allowed the State, at the punishment phase of trial, to prove an otherwise-elemental prior conviction that caused Appellant to be convicted of a third degree felony and subject to that felony range of punishment. Appellant complained on appeal that, because the jury found him guilty of a misdemeanor, it was too late for the State to prove that kind of a fact at the punishment phase. The court of appeals agreed, vacated Appellant's sentence, and

remanded the cause for the trial court to resentence him within the range of punishment for a misdemeanor. We agree and so affirm its judgment.

## I.     THE ISSUE

The parties in the present case agree that the aggravating facts contained in Section 22.01(b)(2) of the Texas Penal Code constitute alternative additional elements, each of which may serve to elevate simple bodily assault from a Class A misdemeanor to a third-degree felony. TEX. PENAL CODE § 22.01(b)(2). Proof of facts that satisfy either Section 22.01(b)(2)(A) or Section 22.01(b)(2)(B) can establish the third-degree felony offense. Because either of these statutory aggravators will raise the level of the offense from a misdemeanor to a felony, each operates as an element of the aggravated offense, which must be alleged in the charging instrument—if only because each operates to invoke the subject-matter jurisdiction of the district court. *See* TEX. CODE CRIM. PROC. art. 36.01(a)(1); *Oliva v. State*, 548 S.W.3d 518, 532–33 (Tex. Crim. App. 2018) (construing Article 36.01(a)(1) of the Texas Code of Criminal Procedure to require that "something that would otherwise be a punishment issue must become an element because it is jurisdictional").

But what if the State alleges one of these alternative aggravating provisions, and not the other, in order to invoke subject-matter jurisdiction, but then fails to prove the aggravating fact it alleged at the guilt phase of trial? May it then prove the *other* aggravating fact *at the punishment phase of trial*—not as a jurisdictional element, but as an enhancement—and thus raise the level of the offense to a third-degree felony? We

granted the State Prosecuting Attorney's (SPA) petition for discretionary review to address this question.

## II. BACKGROUND

Appellant was charged with simple assault under Section 22.01(a)(1) of the Texas Penal Code.[1] The indictment alleged that the offense was committed in 2013. In addition, the indictment alleged that the offense was committed against a member of his household, and that Appellant perpetrated the offense by impeding the victim's breathing or blood circulation by applying pressure to her throat or neck, which made the offense a third-degree felony.[2] The jury found that Appellant had indeed caused bodily injury to a member of his household, but it declined to find that he did so by impeding her breath or blood. Its guilt phase verdict thus only authorized conviction for Class A misdemeanor assault.

Before trial, Appellant elected to have the trial court assess punishment. In a separate pre-trial pleading, the State gave notice that it intended to present evidence of four prior felony convictions at the punishment phase of trial, three of which involved assault on a family member. At the punishment hearing, the State urged the trial court to use one

---

[1] *See* TEX. PENAL CODE § 22.01(a)(1) ("A person commits an offense if the person . . . intentionally, knowingly, or recklessly causes bodily injury to another[.]").

[2] *See* TEX. PENAL CODE § 22.01(b)(2)(B) ("An offense under Subsection (a)(1) is a Class A misdemeanor, except that the offense is a felony of the third degree if the offense is committed against . . . a person whose relationship to or association with the defendant is described by Section . . . 71.005 . . ., Family Code, [and] if . . . the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck[.]"); TEX. FAM. CODE § 71.005 ("'Household' means a unit composed of persons living together in the same dwelling, without regard to whether they are related to each other.").

of the prior assault-on-a-family-member felony convictions, that it had given notice of its intent to present, to raise Appellant's primary offense to a third-degree felony under Section 22.01(b)(2)(A) of the Texas Penal Code.[3] Over Appellant's objection, the trial court agreed to do so. It then—also over Appellant's objection—applied two of the remaining prior felony convictions to elevate the punishment range of this (now) third-degree felony offense, under Section 12.42(d) of the Texas Penal Code, to life imprisonment or a term of between 25 and 99 years.[4] Appellant was sentenced to confinement in the penitentiary for twenty-five years.

On appeal, Appellant complained that the trial court erred to utilize one of the prior assault-on-a-family-member convictions at the punishment phase of trial to raise the level of the offense from a Class A misdemeanor to a third-degree felony. The State conceded that, "in the usual case," a prior assault-on-a-family-member conviction alleged pursuant to Penal Code Section 22.01(b)(2)(A) was a jurisdictional prior conviction that enhanced an otherwise Class A misdemeanor assault to a third-degree felony. But it contended that, because Appellant had been charged with assault on a family member by impeding breath or blood, which—as a felony under Penal Code Section 22.01(b)(2)(B)—had

---

[3] *See* TEX. PENAL CODE § 22.01(b)(2)(A) (providing that an offense under Subsection (a)(1) of Section 22.01 is a felony of the third degree if the victim of the assault is a household member and "it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter, Chapter 19, or Section 20.03, 20.04, 21.11, or 25.11 against a person whose relationship to or association with the defendant is described by . . . Section 71.005, Family Code").

[4] *See* TEX. PENAL CODE § 12.42(d) (providing that, upon proof of two prior, sequential felony convictions, conviction for a third felony raises the minimum punishment to twenty-five years in the penitentiary).

independently vested the district court with jurisdiction, the prior assault-on-a-family-member conviction was not jurisdictional and could properly be considered at the punishment phase of trial.[5] The State argued that, because it did not have to rely on the prior assault-on-a-family-member conviction to confer jurisdiction, that prior conviction could later become available as an enhancement vehicle at the punishment phase, under Section 22.01(b)(2)(A).

The court of appeals rejected the State's argument and agreed with Appellant. *Holoman v. State*, No. 12-17-00364-CR, 2018 WL 5797241 (Tex. App.—Tyler Nov. 5, 2018) (mem. op., not designated for publication). It held that proof of the prior assault-on-a-family-member conviction was elemental, because under Section 22.01(b)(2)(B) it elevated the offense from a Class A misdemeanor to a third-degree felony, thus establishing an element designed to invoke the jurisdiction of the district court. *Id*. at *2. It reasoned that, because this element was neither pled in the indictment nor proven at the guilt phase of trial, it could not authorize a conviction for a third-degree felony. *Id*. The court of appeals explained:

> It is axiomatic that the prior conviction provision in Section 22.01(b)(2)(A) is either an element of the offense of felony assault family violence with a previous conviction, or serves to enhance the punishment of a misdemeanor assault family violence, not both.

*Id.* at *3. Thus, the court of appeals essentially held that Section 22.01(b)(2)(A) operates categorically; it must either serve as an element of the felony offense, or as an enhancement

---

[5] This was in no way a bad faith allegation. The State presented substantial testimonial and photographic evidence at trial to show that Appellant used his hands to choke the victim, thus supporting the allegation in the indictment that he impeded her breath or blood.

provision only, but it cannot serve both functions. In other words, it cannot operate situationally: as an element of the offense, to be proven at the guilt phase of trial when needed to confer subject-matter jurisdiction on the district court; but as an enhancement provision, to be established at the punishment phase when subject-matter jurisdiction is otherwise conferred. Accordingly, the court of appeals sustained Appellant's complaint, modified the judgment to reflect a Class A misdemeanor conviction, and remanded the cause for a new punishment hearing. *Id*. at \*4.

In its petition for discretionary review, the SPA now reiterates the State's challenge to the court of appeals' categorical approach, relying in large measure upon Article 36.01(1) of the Texas Code of Criminal Procedure, and on this Court's reliance on that article in *Oliva v. State*, 548 S.W.3d at 533.[6] We granted the SPA's petition to examine the court of appeals' holding, and we now affirm its judgment.

### III.    ANALYSIS

Whether a particular statutory aggravating fact creates an element of a new offense or simply constitutes a punishment issue is a matter of statutory construction. *Oliva*, 548 S.W.3d at 521–22. In *Oliva*, the Court declared Section 49.09(a) of the Texas Penal Code to be ambiguous with respect to whether it provided that a previous conviction for a driving-while-intoxicated offense was an "element" that raised a Class B first-time-offense

---

[6] *See* TEX. CODE CRIM. PROC. art. 36.01(1) (providing that, at the beginning of the guilt phase of a criminal trial, "[t]he indictment . . . shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment . . . reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07 [TEX. CODE CRIM. PROC. art. 37.07, governing the conduct of punishment proceedings in non-capital criminal prosecutions]").

misdemeanor to a separate Class A misdemeanor, or was, instead, only a punishment issue. *Id*. at 522. The Court ultimately identified "various factors" that convinced it that the ambiguity was best resolved in favor of holding that it was only a punishment issue. *Id*. at 521.

First, *Oliva* noted that Section 49.09(a) appears in a completely different section of the Penal Code than the provision (Section 49.04(a), the misdemeanor DWI statute) that identifies ordinary, un-aggravated driving while intoxicated. *Id*. at 523. Second, it observed that the aggravating factor was introduced in Section 49.09(a) by the phrase: "if it is shown on the trial of . . .", which the Court described as being more typical of punishment-phase issues than of elements. *Id*. at 527–28. Third, it relied on the fact that Section 49.09(a) is a prior-conviction type of aggravating fact, which, the Court explained, was "traditionally and uniquely associated with punishment"—in contrast to added-circumstances-of-the-offense aggravating factors, which the Court declared "would be a factor in favor of construing the statutory aggravating fact as an element of the offense." *Id*. at 529–30. And finally, *Oliva* contrasted Section 49.09(a) with Section 49.09(b)(2), which elevates a Class A misdemeanor DWI to a third-degree felony upon proof of at least two prior DWI convictions. *Id.* at 532.

Though Section 49.09(b)(2) shares many of the same characteristics that convinced the Court, in *Oliva*, that Section 49.09(a) identifies only a punishment issue, there was one defining difference: Section 49.09(b)(2) identifies an aggravating fact—consisting of multiple prior DWI convictions—that raises the level of offense from a misdemeanor *to a felony*, thus conferring subject-matter jurisdiction upon a different court. *Id*. The Court

explained its view in *Oliva* that such a jurisdictional aggravating fact will always be considered elemental, not punishment-only. *Id*. at 533. Specifically, it observed: "For the phrase 'are not jurisdictional' [in Article 36.01(a)] to have meaning, then, something that would otherwise be a punishment issue must become an element because it is jurisdictional." *Id*.

The SPA now argues that, because the State did not have to invoke Section 22.01(b)(2)(A) to confer subject-matter jurisdiction *in this case*, we should regard the proof of Appellant's prior assault-on-a-family-member conviction to be a matter of enhancement of punishment only, which it may litigate for the first time at the punishment phase of trial. In other words, when the State does not *use* an aggravating fact to confer subject-matter jurisdiction, and that aggravating fact would not *otherwise* be regarded as elemental, it is appropriate to treat that aggravating fact as a punishment issue. Such a flexible posture, the SPA insists, would optimize the legislative purpose underlying Article 36.01(a), which is to postpone a jury's exposure to prejudicial evidence of an accused's prior convictions until after the issue of guilt has been determined—whenever it is feasible to do so.

We decline to embrace the SPA's invitation to adopt such a flexible construction of Section 22.01(b)(2)(A). While this provision clearly constitutes an element of a greater offense whenever the State relies upon it to invoke the subject-matter jurisdiction of the district court, it is not a mere punishment-enhancing aggravator. And, although by its own terms the statute neither explicitly permits it nor explicitly prohibits it, *see Oliva*, 548 S.W.3d at 522 ("Since the legislature does not ordinarily specify whether a matter should be litigated at the guilt or punishment stage of trial, and did not do so in the present statute,

we must look to other language" to construe the statute), Section 22.01(b)(2) itself counsels against such a construction. Only the SPA's legislative-purpose-behind-Article-36.01(a)(1) argument can be said to counsel otherwise, and we regard that as too tenuous a thread on which to hang its proposed construction of Section 22.01(b)(2)(A).

## A. Section 22.01(b)(2)

Sections 22.01(b)(2)(A) and 22.01(b)(2)(B)—the prior-assault-on-a-family-member-conviction and assault-by-impediment-of-breath-or-blood provisions, respectively—operate as alternative ways to raise a simple assault-on-a-family-member to the status of a third-degree felony. Alleging either one will suffice to invoke the district court's felony jurisdiction. And the Court has already declared that a jurisdictional aggravating fact will always be considered elemental, not punishment-only. *Oliva*, 548 S.W.3d at 533 (explaining that "something that would otherwise be a punishment issue must become an element because it is jurisdictional," and, "the jurisdictional nature of the two-prior-conviction provision for felony DWI converts what would otherwise be a punishment issue into an element of the offense.").

Still, the SPA argues that, if the indictment invokes the subject-matter jurisdiction of the district court by alleging assault-by-impeding breathing or circulation, pursuant to Section 22.01(b)(2)(B), but the State fails to prove it to a fact-finder's satisfaction at the guilt phase, it should nevertheless be permitted to prove the aggravating facts under Section 22.01(b)(2)(A), at the punishment phase of trial and still obtain a third-degree-felony conviction. But the reverse of the State's argument would likely be impermissible. The State would not be permitted to allege a conviction under Section 22.01(b)(2)(A) to invoke

the district court's subject-matter jurisdiction and then, failing to prove that, obtain a third-degree-felony conviction by proving assault-by-impeding-breath-or-blood at the punishment phase pursuant to Section 22.01(b)(2)(B). The reason is that, unlike Section 22.01(b)(2)(A), under the *Oliva* criteria, Section 22.01(b)(2)(B) bears more of the hallmarks of an elemental aggravating fact than a punishment-issue aggravating fact. It more clearly constitutes an additional fact beyond a simple misdemeanor assault that subjects it to a greater range of punishment, and this would favor construing it to be elemental. *Oliva*, 548 S.W.3d at 530.

What is more, Section 22.01(b)(2)(B) does *not* employ the phrase "if . . . it is shown on the trial of . . .[,]" which we have also said is more indicative of a punishment-enhancement issue. *Id*. at 527. We conclude that it would be an odd and unwieldy construction of Section 22.01(b)(2) to declare one of its alternative aggravating facts to be categorically elemental (as Section 22.01(b)(2)(B) almost certainly is), invariably to be proven at the guilt phase of trial, while allowing the State to apply the other aggravating fact *either* elementally, *or* as a punishment provision only, depending on the vicissitudes of the particular case. We are not inclined to favor such a decidedly lop-sided construction of the statute.

**B. Article 36.01(a)(1)**

As we have previously noted, the SPA contends that its proposed construction of Section 22.01(b)(2)(A) would optimize the legislative goal of Article 36.01(a)(1), namely, to put off any prosecutorial allusion to evidence of prior convictions at trial until absolutely necessary. That is undoubtedly a goal of Article 36.01(a)(1). But Article 36.01(a)(1) only

identifies the consequence of construing an aggravating fact to be elemental rather than punishment-only. It does not dictate how the penal provision that prescribes the aggravating fact itself ought to be construed—whether as an element of a separate aggravated crime or solely as a punishment issue following conviction for a base offense. This Court's job in the present endeavor is "to focus on the language of the statute at issue." *Calton v. State*, 176 S.W.3d 231, 236 (Tex. Crim. App. 2005). Here, the statute at issue is Section 22.01(b)(2), not Article 36.01(a)(1). We are persuaded that Section 22.01(b)(2)(A) establishes an element of an aggravated crime and not, alternatively, a punishment enhancement.

## IV.  CONCLUSION

There is no doubt that the Legislature could have fashioned the statute in such a way as to plainly implement the SPA's preferred situational construction. But it did not, and we will not construe it to accomplish that result. We therefore affirm the judgment of the court of appeals.


DELIVERED:                      March 31, 2021
PUBLISH