

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00072-CR

_____

COLLIS BURNETT ROBINSON, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CR16-0735

---

Before Gabriel, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Collis Burnett Robinson appeals from his conviction for felony driving while intoxicated (DWI) and from his seventy-year sentence. We affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

Robinson was indicted with felony DWI based on his two prior DWI convictions.[1] *See* Tex. Penal Code Ann. § 49.09(b); *see also id.* § 49.04. The indictment contained two punishment-enhancement paragraphs, alleging Robinson had been previously convicted of two other felony DWI offenses.[2] *See id.* § 12.42(d). Accordingly, Robinson was subject to imprisonment "for life, or for any term of not more than 99 years or less than 25 years" upon conviction. *Id.* The indictment was later amended to add a third prior felony DWI conviction for punishment-enhancement purposes,[3] to remove some language from the alleged jurisdictional convictions, and to add a third prior jurisdictional DWI conviction.[4] *See* Tex. Code Crim. Proc. Ann. art. 28.10. *See generally Oliva v. State*, 548 S.W.3d 518, 519 (Tex. Crim. App. 2018) (recognizing prior DWI convictions alleged under section 49.09(b) are jurisdictional and become an offense element for the State to prove at trial). The

---

[1]Cause numbers 253640 and 245358.

[2]Cause numbers F-8768756-UV and 0623853D.

[3]Cause number 51782.

[4]Cause number 0376167D.

amended language did not operate to abandon the entirety of the two original jurisdictional allegations. Robinson later stipulated that he had been previously convicted of DWI under section 49.09(b) as alleged in the amended indictment.

A jury found Robinson guilty of the charged offense. At punishment, Robinson pleaded true to two of the punishment-enhancement paragraphs[5]; the jury found those paragraphs true as instructed and assessed his punishment at seventy years' confinement. Robinson timely appealed the judgment.

Robinson's court-appointed appellate counsel has filed a motion to withdraw as counsel, accompanied by a brief in support of that motion. In his thorough brief, counsel states that in his professional opinion, this appeal is frivolous and without merit. The brief and motion present a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Robinson filed two responses to counsel's brief, asserting that the indictment and judgment contained errors. The State did not file an appellate brief or otherwise respond to counsel's *Anders* brief or to Robinson's responses.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders* and *Kelly*, we have a supervisory obligation to undertake an independent examination of the record.

---

[5]Cause numbers 0623853D and 51782.

3

*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). In this evaluation, we consider the record, the arguments raised in the *Anders* brief, and any response filed by the pro se appellant. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008) (orig. proceeding). We have done so and independently conclude that there is nothing in the record that might arguably support the appeal and that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Thus, we grant counsel's motion to withdraw and affirm the trial court's judgment. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988); *Kelly*, 436 S.W.3d at 318–19.

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 6, 2019