

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00053-CR

---

JOSEPH ANTHONY JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 6209, Honorable Stuart Messer, Presiding

---

December 21, 2021

## MEMORANDUM OPINION

Before QUINN, C.J. and PIRTLE and DOSS, JJ.

In February 2019, Appellant, Joseph Anthony Johnson, pleaded guilty to two counts, each alleging the commission of a second-degree felony sexual assault of a child.[1] He also pleaded "true" to an enhancement involving a prior felony conviction for burglary of a dwelling.[2] The trial court deferred the adjudication of his guilt for each and

---

[1] *See* TEX. PENAL CODE ANN. § 22.011(a)(2), (f).

[2] Appellant's plea of "true" raised his punishment range to that of a first-degree felony. *See* TEX. PENAL CODE ANN. § 12.42(b). Thus, his potential range of punishment for each offense was life imprisonment or for any term not more than ninety-nine years or less than five years, and a fine not to exceed $10,000. *See id.* § 12.32(a).

1

placed him on community supervision for eight years. The State subsequently moved to adjudicate his guilt based on multiple violations of various conditions of his community supervision. After conducting an evidentiary hearing on the motions, the trial court found appellant violated six conditions of his community supervision, adjudicated him guilty on both counts of sexual assault of a child, and assessed punishment. Enhanced to that of a felony of the first degree, punishment consisted of two 75-year sentences (to run consecutively) and a $2,500 fine (in count one).

On appeal, appellant asserts eight points of error. The first six concern whether the trial court abused its discretion by finding that he violated six conditions of his community supervision. The second involves whether the sentences assessed were grossly disproportionate to the offenses committed. And, the last implicates the accuracy of a statement in the judgment.[3] We overrule the first seven points of error and sustain the eighth.

*Record Evidence*

At the hearing, the State presented three witnesses. They were two community supervision officers and one licensed professional counselor and sex-offender treatment provider. The former testified that 1) appellant executed a copy of his community supervision conditions after they were explained to him and indicated he understood the conditions; 2) he violated conditions of his community supervision; and 3) those violations included his failing to send in his monthly reports for several months, failing to pay his probation fees for two months, failing to make his full court-ordered payments, failing to

---

[3] In its brief, the State candidly concedes appellant is correct on his eighth point of error and the judgments should be reformed.

complete forms explaining why he failed to make full payments, completing only four hours of his 100-hour community service obligation, failing to complete his sex-offender counseling requirement, and failing to pay his fees for sex-offender counseling. One officer opined that he was not a good candidate for continued community supervision due to those violations.

The professional counselor testified that although appellant attended most counseling sessions, he 1) made little progress, 2) failed to take accountability for his crimes, 3) expressed anger towards the victim, the system, and the courts, and 4) cursed at another counseling participant, engaged in aggressive behavior, followed the participant to the parking lot, called him a "f**ing child molesting b***ch," and threatened to "find out where [the person lived] and come f**k his daughter." These circumstances resulted in his rejection from the counseling program.

Appellant testified and generally excused his behavior by blaming others and his circumstances, denying the State's evidence, claiming to be misunderstood, and calling the State's witnesses "liars." On cross examination, he testified that his criminal history encompassed his entire adult life. In 2003, he committed felony larceny and grand theft in Florida. In 2005, he was convicted of felony burglary of a dwelling and grand theft in Florida and was imprisoned. In 2014, he was arrested for disorderly conduct in Ohio.

He further explained that the incident giving rise to the prosecutions at bar occurred when he contacted an acquaintance to obtain methamphetamine. They met at a rest stop, drove to a hotel with a 15-year-old girl and two very young children.[4] He and his friend had sex with the 15-year-old all night and in the presence of the two other children.

---

[4] The children were two and five years old.

3

After being charged with two counts of sexual assault of a child, appellant absconded to Michigan, where he was arrested and returned to Texas. Upon posting bail in Amarillo, he again absconded only to be arrested in South Texas. During the arrest, he tried to escape and assaulted a deputy. On his person at the time were fraudulent identity documents.[5]

When finally returned to Amarillo and awaiting trial, he pled guilty to two counts of second-degree sexual assault of a child and "true" to an enhancement for felony burglary. So too did he plead guilty to the third-degree felony offense of failure to appear. That resulted in the deferral of his adjudication of guilt and placement on community supervision.

At the end of the hearing on the State's motion to adjudicate guilt, the trial court found the State's witnesses credible, found he violated six conditions of his community supervision, granted the State's motions, adjudicated appellant guilt and levied the aforementioned sentences. When doing so, it noted appellant's treatment of the underage girl when she was repeatedly sexually assaulted and his attitude towards her after the commission of the assaults, his failure to take responsibility for his crimes, his long criminal history, and his transient lifestyle of traveling the country while committing felonies in various states.

*Revocation*

We first consider appellant's issues one through six. They concern whether the trial court abused its discretion in granting the motions to adjudicate guilt, revoking his

---

[5] Appellant had obtained a birth certificate and social security card from an acquaintance.

4

probation, and adjudicating him guilty of the two sexual assaults. Furthermore, we overrule them.

The pertinent standard of review is that we outlined in *Adame v. State*, No. 07-19-00007-CR, 2019 Tex. App. LEXIS 10765, at *6 (Tex. App.—Amarillo Dec. 11, 2019, no pet.) (mem. op., not designated for publication). It is one of abused discretion. *Id.* at *6–7. Implicit therein is the State's obligation to prove by a preponderance of the evidence that appellant violated at least one term or condition of his community supervision. *Id.* In deciding if it did, we view the evidence in a light most favorable to the trial court's ruling. *Id.* at *7.

There is no need to reiterate the evidence establishing at least one violation by appellant. We discussed it under the heading "Record Evidence" above. It more than suffices to establish at least one violation of his conditions of community supervision. Thus, the trial court did not abuse its discretion in revoking his supervision and adjudicating his guilt.

*Cruel and Unusual Punishment*

Next, we address appellant's contention that the two consecutive 75-year sentences were grossly disproportionate to the offenses he committed. Allegedly being so, they violated his constitutional right against suffering cruel and unusual punishment. We overrule the issue.

Our evaluation of a disproportionality challenge like that at bar begins with a comparison of the gravity of the offense with the severity of the sentence. *Buster v. State*, No. 07-20-00099-CR, 2021 Tex. App. LEXIS 2169, at *5 (Tex. App.—Amarillo Mar. 22, 2021, pet. ref'd) (mem. op., not designated for publication). That entails our

5

consideration of the harm caused or threatened to the victim, the offender's culpability, and the offender's prior adjudicated and unadjudicated offenses. *Id.* at *5–6. Only when we are able to infer a sentence is grossly disproportionate to the offense will we compare the defendant's sentence to others received for similar crimes in this jurisdiction or sentences received in other jurisdictions. *Id.* at *6. Moreover, a sentence within the statutory range of punishment is not excessive, cruel, or unusual. *Id.* Indeed, our Court of Criminal Appeals has characterized "the sentencer's discretion to impose any punishment within the prescribed range to be essentially 'unfettered.'" *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006); *Buster*, 2021 Tex. App. LEXIS 2169, at *6. "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Ex parte Chavez*, 213 S.W.3d at 323–24. With that in mind, we turn to the record at bar.

Here, appellant pled guilty to two counts of sexual assault of a child. Though the punishment range for each is normally between two and twenty years, inclusive, *see* TEX. PENAL CODE ANN. §§ 22.011(a)(2), (f), 12.33(a), it was enhanced here due to his plea of true to a prior felony conviction. The prior conviction elevated the range to that of a first-degree felony, i.e., a term of imprisonment ranging from five to 99 years, inclusive, and a fine not to exceed $10,000. *Id.* §§ 12.32(a), (b), 12.42(b). The sentences levied here not only fell within that range but were much less than the maximum which could have been assessed. Thus, they were not constitutionally cruel and unusual. *See Buster*, 2021 Tex. App. LEXIS 2169, at *6 (noting that a sentence within the statutory range is

6

not constitutionally cruel and unusual).  Nor were they grossly disproportionate to the offenses committed.

Again, appellant and his friend repeatedly raped a 15-year-old in the presence of children.  Never did he express remorse or responsibility but, instead, illustrated disdain towards the victim, "the system," and the judiciary.

So too had appellant engaged in criminal conduct for at least 18 of his 34 years of life.  He committed his first felonies in Florida when he was sixteen years old; those crimes included felony burglary, grand larceny, and grand theft.  Other acts of disorderly conduct, criminal mischief, larceny, burglary, theft, and grand theft followed, not only in Texas but other States.  So too was he an admitted methamphetamine abuser, and that culminated with the two sexual assaults here.  Nor can we ignore his attempt to abscond from prosecution and his assault upon a peace officer when eventually arrested in South Texas.  And, though also being afforded an opportunity to rehabilitate himself while on community supervision, he failed to abide by multiple conditions of his probation.

"In our view, the [foregoing] evidence permitted the trial court to conclude [a]ppellant had not taken either his . . . offense or his community supervision seriously." *Buster*, 2021 Tex. App. LEXIS 2169, at *8–9.  Nor did he take seriously the opportunity afforded him to avoid a final felony conviction and amend his behavior, or so the trial court could have inferred.  Consequently, "[t]he record does not permit us to find this is one of those 'rare' cases in which the sentence is grossly disproportionate to the offense." *Id.* at *9.  And, that means appellant failed to clear the initial prong to the disproportionality test.

*Reformation of the Judgments*

Issue 8 concerns modification of the judgment to accurately reflect the nature of the felonies for which appellant was convicted. Both parties agree modification is necessary.

Here, each judgment reflects that appellant's offenses consisted of two "1st Degree Felonies." In actuality, they were "2nd Degree Felonies" with the concomitant punishment enhanced as though they were felonies of the first degree.[6] Consequently, we reform both to reflect same. *See Ramirez v. State*, 336 S.W.3d 846, 852 (Tex. App.—Amarillo 2011, pet. ref'd) (stating an appellate court's authority to reform a judgment to properly reflect the record).

We 1) modify the judgments of the trial court to reflect appellant was convicted of two second-degree felonies, punishments for which were enhanced to the level applicable to felonies of the first degree, and 2) affirm the judgments as modified.

Per Curiam

Do not publish.

---

[6] An offense which is "punished as" a higher offense only raises the level of punishment and not the degree of the offense. *See Sharp v. State*, No. 07-19-00409-CR, 2020 Tex. App. LEXIS 7124, at *1 n.2 (Tex. App.—Amarillo 2020, pet. ref'd) (mem. op., not designated for publication) (citing *Oliva v. State*, 548 S.W.3d 518, 526 (Tex. Crim. App. 2018)); *see also* Tex. Penal Code Ann. § 12.42.