**Modified and Affirm and Opinion Filed September 15, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00845-CR**

**BILLY BOB BOWEN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-2054570-N**

## MEMORANDUM OPINION ON REHEARING

Before Justices Molberg, Pedersen, III, and Miskel
Opinion by Justice Molberg

We deny the State's motion for rehearing and, on our own motion, withdraw our August 14, 2023 memorandum opinion and vacate the judgment of that date. This is now the opinion of the Court.

After a jury found appellant Billy Bob Bowen guilty and the trial court made certain findings during sentencing, the trial court entered judgment convicting Bowen of aggravated kidnapping as charged in the indictment and sentencing him to twenty-five years' confinement in the Texas Department of Criminal Justice's Institutional Division. Bowen appealed, and his newly-appointed appellate counsel

filed an *Anders*[1] brief and motion to withdraw as his counsel because, in counsel's professional opinion, the appeal is without merit and is wholly frivolous.[2] Based on our own review of the record, Bowen's counsel's brief, and the State's response, we conclude the appeal is frivolous and without merit. Thus, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified herein in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## BACKGROUND

Bowen was charged by indictment with the first-degree felony offense of aggravated kidnapping.[3] The indictment alleged, in pertinent part:

> That [Bowen] . . . on or about the 29th day of April, 2020 in the County of Dallas, State of Texas, did unlawfully, intentionally and knowingly abduct, TASHA HUDSON, hereinafter called complainant, in that defendant restrained the complainant by confining complainant and by moving complainant from one place to another, and by secreting and holding complainant in a place where complainant was not likely to be found and by threatening to use deadly force, and defendant did intentionally and knowingly use and exhibit a deadly weapon, namely: A FIREARM, during the commission of the offense and abduction,

---

[1] *See Anders v. California*, 386 U.S. 738, 744–45 (1967).

[2] Counsel's motion to withdraw states this conclusion after stating that no "reversible error" exists, and, by doing so, she appears to conflate frivolity with reversibility. The two concepts are certainly not the same. An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10 (1988), *see also Crowe v. State*, 595 S.W.3d 317 (Tex. App.—Dallas 2020, no pet.). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy*, 486 U.S. at 436, *Crowe*, 595 S.W.3d at 320. An appeal is not wholly frivolous when it is based on "arguable" grounds. *See Anders*, 386 U.S. at 744. Reversal only occurs if arguable error is found to have occurred, and was harmful. TEX. R. APP. P. 44.2. Many non-frivolous arguments identify errors that do not result in reversal.

[3] *See* TEX. PENAL CODE § 20.04(b) ("A person commits an offense if the person intentionally or knowingly abducts another person and uses or exhibits a deadly weapon during the commission of the offense."); *see also id*. § 20.01(1)–(2) (defining "restrain" and "abduct" for purposes of chapter 20).

Bowen pleaded not guilty. A jury decided the guilt/innocence phase and heard testimony from eight witnesses, including but not limited to the complainant, Ms. Hudson. After both sides closed, the trial court instructed the jury on the offense and on two lesser-included offenses, and after deliberating, the jury found Bowen guilty of the offense as charged in the indictment. *See* TEX. PENAL CODE § 20.04(b).

Bowen elected to have the trial court assess punishment. Under § 20.04(c), aggravated kidnapping is a first-degree felony except as provided by § 20.04(d), which states, "At the punishment stage of a trial, the defendant may raise the issue as to whether he voluntarily released the victim in a safe place. If the defendant proves the issue in the affirmative by a preponderance of the evidence, the offense is a felony of the second degree."

The trial court made a finding during the punishment phase that Bowen voluntarily released the victim in a safe place. The trial court also found true two enhancements to which Bowen had pleaded not true.[4] At the conclusion of the

---

[4] The trial court found true the indictment's enhancement paragraph which alleged that "prior to the commission of the offense . . . [Bowen] was finally convicted of the felony offense of evading arrest in the Criminal District Court Number 7 of Dallas County, Texas, in Cause Number F16-18113 on the 12th day of July, A.D., 2016." The trial court also found true an enhancement paragraph included in the State's notice of intent to enhance the punishment range, which alleged that prior to the commission of that offense, Bowen "was finally convicted of the felony offense of unauthorized use of a motor vehicle in the 195th Judicial District Court of Dallas County, Texas, in Cause Number F91-01324 on the 12th day of June, A.D., 1991."

punishment proceedings, the trial court sentenced Bowen to twenty-five years' confinement in TDCJ's Institutional Division. *See* TEX. PENAL CODE § 12.42(d).[5]

Bowen timely appealed and filed a motion for new trial that was overruled by operation of law. Bowen was appointed new appellate counsel, and his appointed appellate counsel has filed a motion to withdraw and an *Anders* brief in support.

## ANALYSIS

### A. Bowen's Counsel's Motion to Withdraw and *Anders* brief

After court-appointed appellate counsel files an *Anders* brief, we independently examine the record to determine whether the appeal is "wholly frivolous." *Anders*, 386 U.S. at 744. An appeal is wholly frivolous when it lacks any basis in law or in fact, and an argument is frivolous if it cannot conceivably persuade the court. *Crowe*, 595 S.W.3d at 319. In conducting our review, we do not review the merits of potential issues set out in the brief or raised in a pro se response but instead determine whether there are any arguable grounds for reversal. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If we conclude, after conducting an independent review, that appellate counsel has made a thorough

---

[5] Penal Code § 12.42(d) states:

> Except as provided by Subsection (c)(2) or (c)(4), if it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years. A previous conviction for a state jail felony punishable under Section 12.35(a) may not be used for enhancement purposes under this subsection.

and conscientious examination of the record and agree the appeal is frivolous, we must grant counsel's motion to withdraw and affirm the trial court's judgment. *In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008); *Meza v. State*, 206 S.W.3d 684, 688–89 (Tex. Crim. App. 2006).

The brief before us meets the requirements of *Anders*. It presents a professional evaluation of the record citing to legal authority and showing why there are no arguable grounds to advance on appeal. *See Schulman*, 252 S.W.3d at 406. Counsel has concluded, based on her review of the entire record, that "the appeal is without merit and is wholly frivolous."

Counsel certified that "a copy of [her] brief and the complete record has been forwarded to [Bowen] at his last known address" along with a letter informing Bowen that counsel has filed an *Anders* brief and motion to withdraw stating that in counsel's professional opinion the appeal is without merit, that he has the right to review the record and to file a pro se brief if he so desires; that he has a right to seek discretionary review if this Court concludes that the appeal is frivolous, and that he may request an extension of time from this Court for the filing of a pro se brief if he so desires. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014) (outlining counsel's duties).

After counsel filed her motion to withdraw and *Anders* brief, we also advised Bowen of his counsel's filings, provided him with a copy, and advised him he had a right to review the appellate record, a right to file a pro se response in our Court and

a right to seek discretionary review should we declare his appeal frivolous. *See id*. at 320–21 (outlining appellate court's duties). Bowen did not request the appellate record and filed no pro se response.

We have independently reviewed the record and counsel's brief, and we agree the appeal is frivolous and without merit. We find nothing in the record that could arguably support the appeal.

## B.    Modifications to Judgment

Although not an arguable issue, various modifications to the judgment are needed, however. *See, e.g.*, *Hawthorne v. State*, No. 05-19-01201-CR, 2021 WL 2451166, at *1 (Tex. App.—Dallas June 16, 2021, pet. ref'd) (mem. op., not designated for publication) (making various modifications to judgment on Court's own motion in *Anders* context).

We may modify the trial court's judgment to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (en banc) (refusing to limit the authority of the courts of appeals to reform judgments to only those situations involving mistakes of a clerical nature); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

Thus, on our own motion, we modify the judgment as follows, consistent with the record before us: (1) in the "Statute for Offense" section, we replace the phrase "20.02(A)(l-6) Penal Code" with the phrase "Texas Penal Code § 20.04(b), (d)"; (2)

in the "Degree of Offense" section, we replace the phrase "FIRST DEGREE FELONY" with "SECOND DEGREE FELONY";[6] (3) in the "Findings on Deadly Weapon" section, we replace "N/A" with the phrase "YES, A FIREARM"; (4) in the sections regarding Bowen's pleas to the first and second enhancement paragraphs, we replace "N/A" with the phrase "NOT TRUE"; and (5) in the sections regarding the trial court's findings on the first and second enhancement paragraphs, we replace "N/A" with the phrase "TRUE."

## CONCLUSION

We grant counsel's motion to withdraw and affirm the trial court's judgment as modified above.

/Ken Molberg/

210845hf.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

KEN MOLBERG
JUSTICE

---

[6] The trial court's finding that Bowen voluntarily released the victim in a safe place lowered the grade of the offense from a first degree felony to a second degree felony. *See* TEX. PENAL CODE § 20.04(d); *Oliva v. State*, 548 S.W.3d 518, 526–27 (Tex. Crim. App. 2018) (stating, "[T]he legislature has explicitly created punishment issues that *lower* the grade of the offense if proven by the defendant[,]" including "release in a safe place in an aggravated kidnapping prosecution[.]"); *see also Perez v. State*, No. 04-03-00742-CR, 2005 WL 839470, at *1 (noting offense was a second degree felony where jury found appellant released victim in safe place and concluding appellant's punishment was correctly enhanced to that for a first-degree felony under Penal Code § 12.42(b) based on the jury's finding that appellant had previously been convicted of a felony). In this case, Bowen's punishment was enhanced under Penal Code § 12.42(d).



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BILLY BOB BOWEN, Appellant

No. 05-21-00845-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas Trial Court Cause No. F-2054570-N. Opinion delivered by Justice Molberg. Justices Pedersen, III and Miskel participating.

On the Court's own motion, we **WITHDRAW** our opinion and **VACATE** our judgment of August 14, 2023. This is now the judgment of the Court.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1) in the "Statute for Offense" section, we replace the phrase "20.02(A)(l-6) Penal Code" with the phrase "Texas Penal Code § 20.04(b), (d)";

(2) in the "Degree of Offense" section, we replace the phrase "FIRST DEGREE FELONY" with "SECOND DEGREE FELONY";

(3) in the "Findings on Deadly Weapon" section, we replace "N/A" with the phrase "YES, A FIREARM";

(4) in the sections regarding Bowen's pleas to the first and second enhancement paragraphs, we replace "N/A" with the phrase "NOT TRUE"; and

(5) in the sections regarding the trial court's findings on the first and second enhancement paragraphs, we replace "N/A" with the phrase "TRUE."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 15th day of September, 2023.